**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re:                                                          :     Chapter 11
:
ALL YEAR HOLDINGS LIMITED,                   :     Case No. 21-12051 (MG)
:
Debtor.                               :
:
Fed. Tax Id. No. 98-1220822                          :
------------------------------------------------------------------x
:
ZELIG WEISS,                                              :
:
Plaintiff,                            :     Adv. Proc. No. 22-01115 (MG)
:
v.                                               :
:
ALL YEAR HOLDINGS LIMITED, YG WV LLC,  :
:
Defendants, and                    :
:
WYTHE BERRY MEMBER LLC,                    :
:
Nominal Defendant.             :
:
------------------------------------------------------------------x

## DECLARATION OF EPHRAIM DIAMOND
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

I, Ephraim Diamond, hereby declare under penalty of perjury to the best of my knowledge,

information and belief:

1.      I am the Associate Restructuring Officer of All Year Holdings Limited (the

"**Debtor**"), as debtor in possession in the above-captioned chapter 11 case, the sole Member of

defendant YGWV LLC ("**YGWV**"), which is the Managing Member of defendant Wythe Berry

Member LLC ("**Member LLC**" and, together with the Debtor and YGWV, collectively, the

"**Defendants**"), and defendants in the above-captioned adversary proceeding.

2.      As such, I am fully familiar with the facts and circumstances set forth herein, except

as to those matters stated upon information and belief, and as to those matters, I believe them to

be true.

3.      I respectfully submit this declaration in opposition to Plaintiff's motion for preliminary injunctive relief.

**THE LEASE OF THE WILLIAM VALE HOTEL**

4.      Member LLC is the sole member of Wythe Berry Fee Owner LLC ("**Fee Owner**"). Fee Owner owns the William Vale Hotel and its adjacent amenities (the "**William Vale Hotel**"). JSF ¶¶ 15, 16.

5.      On or about February 28, 2017, as part of the refinancing of the William Vale Hotel, Fee Owner, Wythe Berry LLC ("**WB LLC**"), Zelig Weiss ("**Weiss**") and Yoel Goldman ("**Goldman**") entered into a Lease Agreement (the "**Lease**") for the William Vale Hotel. Fee Owner is the landlord under the Lease and WB LLC is the tenant under the Lease. Weiss and Goldman are guarantors under the Lease. A true and correct copy of the Lease is attached as Exhibit A to JSF Ex. G.

6.      Goldman and Weiss are the sole members and owners of WB LLC, with each owning fifty percent (50%) of WB LLC. Weiss is the manager of WB LLC and is therefore charged with, and responsible for, all business decisions made by WB LLC. Am. Compl. ¶ 24.

7.      At all relevant times herein, WB LLC has operated the William Vale Hotel.

8.      WB LLC operates the William Vale Hotel through various subleases to entities that are, upon information and belief, partially or wholly owned and controlled by Weiss, including but not limited to, The William Vale Hotel LLC, The William Vale FNB LLC, and North 12 Parking LLC (collectively, the "**LLC Subtenants**"). My belief that Weiss partially or wholly owns and/or controls the LLC Subtenants is based on the fact that Weiss has signed documents on their behalves. For example, a true and correct copy of a consent for the LLC Subtenants to change attorneys, executed by Weiss and filed in the State Court Action, is attached hereto as Exhibit 1.

2

9.      Upon further information and belief, the William Vale Hotel is subject to management agreements with certain entities which are paid their management fees out of hotel revenue. Espresso Hospitality Management LLC (the "**Weiss Management LLC**"), which manages the hotel and retail operations at the William Vale Hotel, is, upon information and belief, owned and/or controlled by Weiss. My belief that Weiss owns and/or controls the Weiss Management LLC is based on the fact that Weiss has signed documents on its behalf. *See* Exhibit 1 hereto.

10.     Accordingly, Weiss — through WB LLC, the LLC Subtenants, and the Weiss Management LLC — generates revenue from the business operations of the William Vale Hotel, a portion of which is required to flow to Fee Owner in the form of rent payments pursuant to the Lease.

11.     The rent payments received by Fee Owner pursuant to the Lease were structured and historically used by Fee Owner to enable it to have sufficient funds to service a note issued by Fee Owner to the Debtor (the "**Note**") which is secured by a mortgage against the William Vale Hotel (the "**Mortgage**"). *See* JSF Ex. L, State Court Action ECF No. 264, Affidavit of Zelig Weiss In Support of Motion Re Undertaking, ¶ 5 fn.1 ("[T]he 'rent' [under the Lease] always consisted of three components: (x) payment of interest on the mortgage; (y) payment of principal on the mortgage; and (z) profit for the indirect owners of Fee Owner.")

12.     Pursuant to the Lease, Fee Owner leased the William Vale Hotel to WB LLC for a fifteen-year term beginning on February 1, 2017 and ending on January 31, 2032.

13.     Among other things, Article 2 of the Lease requires that WB LLC pay Fee Owner annual rent in the amount of $15 million, payable in two $7.5 million increments on February 1 and August 1 of each calendar year.

3

14.     Pursuant to Section 18.1 of the Lease, Weiss (and Goldman) guaranteed the annual payment of rent to Fee Owner by contracting that "Guarantors shall pay to [Fee Owner], the shortfall between the Rent owed under this Lease and the amount of gross income actually earned by [WB LLC] (the "Guaranty")."

15.     Pursuant to Sections 16.1 and 16.2 of the Lease, Fee Owner is entitled to 1) access to records of WB LLC to ensure that WB LLC is complying with the terms and conditions of the Lease, and 2) specific financial information and tax returns which must be regularly furnished to Fee Owner on a monthly, quarterly, and annual basis.

16.     The financial reporting provisions contained in the Lease provide a mechanism for Fee Owner to assess the Hotel's management and financial performance, including whether WB LLC and Weiss are operating the Hotel in a manner that will service the Note.

## WEISS AND WB LLC BREACH THE LEASE

17.     Weiss and WB LLC breached Article 2 of the Lease by failing to make the semi-annual rent payment of $7.5 million due on February 1, 2021. Instead, Weiss, on behalf of WB LLC, delivered a written letter to Fee Owner claiming that rent was "abated indefinitely" due to the COVID-19 pandemic.

18.     Yet, notwithstanding the COVID-19 pandemic, the William Vale Hotel was operating and generating revenue, and, upon information and belief, continuing to pay management fees to the Weiss Management LLC on a regular basis and generating substantial cash flows because Weiss was not paying the rent. Specifically, the most recent financial information provided to Fee Owner in or about March 2021 — while deficient in detail and insufficient to satisfy the requirements set forth in Section 16.2 of the Lease — indicated that despite the COVID-19 pandemic, the Hotel was generating positive cash flow of hundreds of

4

thousands of dollars per month, after payment of all operating expenses and hundreds of thousands of dollars in management fees to the Weiss Management LLC. How Weiss was using this cash flow cannot be ascertained because, as discussed below, Weiss has refused to comply with the Lease's requirements that he provide financial information to Fee Owner.

19.    In addition, Fee Owner is aware that, based on having reviewed publicly available data for the federal Paycheck Protection Program ("**PPP**"), that two of the LLC Subtenants, The William Vale Hotel LLC and The William Vale FNB LLC, received PPP loans in 2020 and 2021 in the aggregate amount of approximately $7.1 million. Upon information and belief, none of the proceeds of these loans were used to pay rent to Fee Owner.

20.    The failure to pay rent due under the Lease on February 1, 2021 resulted in an Event of Default under the Deed of Trust dated as of February 19, 2017 executed by the Notes Trustee and the Debtor that was principally secured by the Mortgage. *See* Exhibit 2 hereto, which is a true and correct copy of the Affirmation of Rami Katzav dated March 15, 2022 and the exhibit annexed thereto, ¶¶ 3-4.[1]

21.    By letter dated February 11, 2021, Fee Owner advised WB LLC that rent was due and payable and requested that WB LLC provide the financial reporting it was obligated to provide pursuant to the Lease.

22.    By letter dated February 18, 2021, the Notes Trustee demanded the Debtor and Fee Owner, among other things, "take all reasonable commercial actions to enforce all available rights and remedies under the Lease against [WB LLC]." *See* Exhibit 2 ¶ 5, Ex. 1 at p.2.

---

[1] This Court may take judicial notice of the filings in the New York Action. *See Edmond v. Live Well Fin. Inc.*, 2019 WL 8111919, at *1 (S.D.N.Y. Dec. 2, 2019) (taking judicial notice of a New York state court proceeding involving foreclosure of the property central to the complaint) (citing *Liberty Mut. Ins. v. Rotches Pork Packers*, 969 F.2d 1384, 1388-89 (2d Cir. 1992)).

23.     On March 16, 2021, the Notes Trustee acquired all rights, title and interest in the Note and Mortgage from the Debtor. *See* Exhibit 2 ¶ 6.

24.     After assignment of the Note and Mortgage to the Notes Trustee, the Debtor and Fee Owner, consistent with the Notes Trustee's demand in its February 18, 2021 letter, continued to enforce Fee Owner's rights and remedies under the Lease, consistent with the Notes Trustee's demand and consent to take those actions. *See* Exhibit 2 ¶¶ 7-8.

25.     On April 16, 2021, the Notes Trustee served a Notice of Events of Default; Reservation of Rights on Fee Owner (and WB LLC and Weiss), advising that certain Events of Default had occurred and were continuing under the Note and Mortgage. The identified defaults, which were payment defaults, stemmed from WB LLC's failure to pay rent to Fee Owner.

26.     Fee Owner made the independent determination to collect the monies owed to it by WB LLC and Weiss under the Lease through litigation, irrespective of the right of the Notes Trustee to commence foreclosure proceedings.  The Notes Trustee concurred with Fee Owner's course of action. *See* Exhibit 2 ¶¶ 8-9.

27.     On May 5, 2021, Fee Owner served a Notice of Default on WB LLC and Weiss, advising, in relevant part, that WB LLC was in default of its obligations to pay rent due on February 1, 2021 in the amount of $7.5 million and had failed to provide Fee Owner with the required financial reporting within 10 days of the February 11, 2021 request. Fee Owner demanded that WB LLC and Weiss cure the defaults. A true and correct copy of the Notice of Default is attached as Exhibit B to JSF Ex. G. They failed to do so.

28.     Accordingly, on May 20, 2021 Fee Owner served a Notice of Cancellation and Termination terminating the Lease immediately as of May 20, 2021 based on the failure to timely cure the defaults set forth in the Notice of Default and directing that WB LLC quit, vacate and

6

cure the defaults set forth in the Notice of Default and directing that WB LLC quit, vacate and surrender possession of the Hotel to Fee Owner. A true and correct copy of the Notice of Cancellation and Termination is attached as Exhibit C to JSF Ex. G.

29.    In response, WB LLC and Weiss served a written notice denying the validity of the Notice of Cancellation and Termination and refusing to surrender possession of the Hotel to Fee Owner.

## FEE OWNER COMMENCES THE STATE COURT ACTION AND LITIGATION ENSUES

30.    On June 11, 2021, Fee Owner commenced the State Court Action against WB LLC, Weiss and Goldman seeking monetary damages for pre-termination rent, post-termination damages and attorneys' fees, a declaration that the Lease has been terminated, and ejectment of WB LLC from the Hotel. Fee Owner also sought to enforce the guaranty contained in the Lease against Weiss and Goldman. *See* JSF Ex. G.

31.    On that same day, Fee Owner also filed an application by order to show cause for an order directing 1) WB LLC to pay Fee Owner *pendente lite* use and occupancy for so long as WB LLC continued to remain in possession of the Hotel and the action remained pending; and 2) the immediate production of all books, records and financial information concerning the Hotel requested by Fee Owner and required to be delivered by WB LLC pursuant to the Lease and/or expedited discovery.

32.    In July 2021, while Fee Owner's application for expedited discovery was pending, Fee Owner also served subpoenas on the LLC Subtenants, the Weiss Management LLC, and other entities, including a bank and accounting firm, to try and obtain the financial information regarding the operations of the Hotel which WB LLC and Weiss refused to produce.

7

33.     Despite contending that the Lease was still in effect, WB LLC and Weiss failed to
tender rent which would have been due thereunder in the amount of $7.5 million on August 1,
2021.

34.     In October 2021 WB LLC and Weiss moved to 1) dismiss Fee Owner's complaint,
2) oppose Fee Owner's application for use and occupancy and expedited discovery, and 3) quash
the subpoenas served by Fee Owner.

35.     In November 2021, Fee Owner cross-moved to compel responses to the subpoenas.

36.     On December 6, 2021, the Court entered the U&O Order, in which it denied WB
LLC and Weiss's motion to dismiss, and further held that as a result of the motion to dismiss
having been untimely filed, WB LLC and Weiss were not permitted to interpose any answer to the
complaint, with the Court holding that such "answer is deemed waived." JSF Ex. H p. 8.

37.     In that order, the Court awarded Fee Owner use and occupancy *pendente lite*,
ordering WB LLC to pay Fee Owner $7.5 million, semi-annually, commencing February 1, 2022
and granted Fee Owner's request for expedited discovery to the extent of directing that the parties
appear at a preliminary conference. JSF Ex. H. pp. 10-11.

38.     On January 13, 2022, the Court entered the Discovery Order, in which it denied
WB LLC's and Weiss's motion to quash the subpoenas served by Fee Owner and granted Fee
Owner's motion to compel compliance with those subpoenas, directing that the documents called
for by the subpoenas be produced within 20 days of service of notice of entry of the order. JSF Ex.
J.

39.     WB LLC and Weiss filed notices of appeal from each of the foregoing orders. JSF
Exs. I, K. However, WB LLC and Weiss have not yet perfected these appeals by filing opening
briefs and the records on appeal with the appellate court.

40.     Between February 1, 2022 and May 8, 2022, the parties entered into a series of voluntary standstill agreements, mutually agreeing to stay all proceedings in the State Court Action while Weiss negotiated with the Notes Trustee to purchase Fee Owner's Note and Mortgage and with the Debtor to purchase its indirect equity interest in Fee Owner.

41.     On February 1, 2022 Weiss complied with the U&O Order and paid $7.5 million, stating that "the sole reason [he] made that decision was because [he] was in serious negotiations" to purchase the Note and Mortgage and Debtor's equity interest in Fee Owner. *See* JSF Ex. L, State Court Action ECF No. 264, Affidavit of Zelig Weiss In Support of Motion Re Undertaking, ¶¶ 6-8.

42.     The parties' voluntary standstill agreements terminated in or about May 2022. Since the termination, Fee Owner has continued to prosecute the State Court Action, in which WB LLC, Weiss, the LLC Subtenants, and the Weiss Management LLC have not complied with the U&O Order or the Discovery Order.

43.     The parties' voluntary standstill agreements provide that upon termination, the LLC Subtenants and the Weiss Management LLC would produce documents in response to the subpoenas in compliance with the Discovery Order. Notwithstanding these agreements, the LLC Subtenants and Weiss Management LLC have refused to do so. Instead, they attempted to seek an emergency stay of enforcement of the Discovery Order from the New York Supreme Court and the New York Appellate Division.  Both applications were denied.

44.     Fee Owner then moved by order to show cause to hold the LLC Subtenants and the Weiss Management LLC in civil contempt of the Discovery Order. That motion is currently scheduled to be heard on September 29, 2022.

45.     WB LLC and Weiss failed to pay use and occupancy to Fee Owner in the amount of $7.5 million on August 1, 2022. Instead, WB LLC and Weiss attempted to post an undertaking with the Clerk of the New York Supreme Court in lieu of making payment by proposing to deposit a certified check for $7.5 million with the Clerk of the New York Supreme Court, who declined to accept the undertaking. After the Clerk declined to accept the proffered undertaking, shortly before midnight on August 1, 202, WB LLC and Weiss filed a motion requesting entry of an order (a) either (i) directing the Clerk to accept an undertaking, or (ii) fixing the sum of an undertaking, and (b) extending *nunc pro tunc* the time for WB LLC to comply with the obligations of the U&O Order. *See* JSF Ex. L.

46.     As demonstrated by Weiss's attempt to post the undertaking by depositing a certified check, Weiss has the funds available to pay use and occupancy to Fee Owner.

47.     Fee Owner intends to oppose the motion to file an undertaking. That opposition is currently due to be filed on or before October 6, 2022, and will be fully submitted on October 13, 2022.

48.     WB LLC and Weiss's failure to comply with the U&O Order by failing to pay use and occupancy on August 1, 2022 constitutes a basis for Fee Owner to seek the remedy of ejectment against WB LLC and repossess the William Vale Hotel. On August 5, 2022 Fee Owner filed an application by order to show cause in the State Court Action requesting that the Court enter an order of ejectment ejecting WB LLC from the William Vale Hotel. Fee Owner is currently waiting for the proposed order to show cause to be signed by the court and a hearing date scheduled. True and correct copies of the Proposed Order to Show Cause and supporting memorandum and affidavits filed in the State Court Action are attached hereto as Exhibit 3.

49.     In addition, Fee Owner has, through counsel, attempted to engage Weiss's counsel
to effectuate that part of the U&O Order which granted Fee Owner's application for expedited
discovery of the books, records and financial information of the Hotel by requesting that the parties
enter into a preliminary conference order setting discovery deadlines. I am advised that Weiss's
counsel has repeatedly refused to do so, thereby continuing to impede Fee Owner's efforts to
receive any information that would shed light on the true financial condition and operations of the
Hotel.

**THE COURT SHOULD DENY WEISS'S MOTION FOR PRELIMINARY INJUNCTION**

50.     Based on all of the foregoing facts, it is respectfully submitted that the Court should
deny Weiss's motion for preliminary injunctive relief.

51.     To date, but for Weiss's actions, Fee Owner should have received $30 million in
rent under the Lease (i.e., $15 million in rent in 2021 and 2022) which would have been used by
Fee Owner to service the Note and mitigate the harm Weiss protests in his motion.

52.     Further, Weiss's withholding of rent and use and occupancy payments and
information concerning the financial condition of the Hotel has made it impossible for Defendants
to negotiate with the Notes Trustee to resolve the defaults and/or attempt a refinancing of the Note
and Mortgage. Without payment from Weiss and WB LLC of the rent or use and occupancy, and
lacking information concerning the Hotel's cash flow and the amount of debt it could carry,
Defendants cannot engage in good faith negotiations with current counterparties or prospective
lenders and are pursuing the rational option of litigating the State Court Action.

53.     Weiss's allegation that Defendants have purportedly failed to protect Member
LLC's wholly-owned subsidiary, Fee Owner, from existing defaults under the Note and the risk
of a foreclosure of the Hotel and/or exercise of other remedies is simply not true. To the contrary,

11

the Defendants have taken steps to remedy the existing default through the State Court Action, with the support of the Notes Trustee. *See* Exhibit 2.

54.     Awarding injunctive relief to Weiss would put him in control of the State Court Action where Weiss would be on both sides of the case. It would allow him to dismiss the suit against him and WB LLC, which would have several detrimental effects.

55.     Dismissal of the State Court Action would eliminate any chance that funds generated by the Hotel will be paid to Fee Owner to service the Note, whether by enforcement of the U&O Order or, if the court ultimately grants Fee Owner's application for an order of ejectment, by replacement of WB LLC with another operator that will pay Fee Owner.

56.     Dismissal of the State Court Action would allow Weiss, the Subtenant LLCs, and the Weiss Management LLC to continue withholding the financial condition of the Hotel.

57.     Dismissal of the State Court Action would also allow Weiss to avoid personal liability under his guaranty in the Lease.

58.     Weiss has also admitted he wants to purchase the Debtor's equity in YGWV and the Note and Mortgage. If Weiss, via control of Member LLC, could permanently deprive Fee Owner of rent and/or use and occupancy by dismissing the lawsuit, he would impair the value of the Note and reduce the value of the Debtor's equity interest.

## ALTERNATIVELY, THE COURT MUST REQUIRE WEISS TO POST A SUBSTANTIAL BOND

59.     Alternatively, if the Court is inclined to grant injunctive relief, it is respectfully submitted that such injunctive relief should be conditioned upon the posting of a substantial bond pursuant to Federal Rule 65 to protect Defendants if it is later determined that such injunctive relief was improvidently granted.

60.     Pursuant to the U&O Order, WB LLC is required to pay Fee Owner use and occupancy in the amount of $7.5 million semi-annually for the pendency of the suit. JSF Ex. H p. 11.

61.     Also pursuant to the U&O Order, WB LLC and Weiss are not permitted to interpose any answer to the complaint, with the Court holding that such "answer is deemed waived." JSF Ex. H p. 8.

62.     As a result, Fee Owner's present likelihood of obtaining a judgment in its favor on all causes of action asserted in the complaint if the State Court Action proceeds is high. Such judgment would encompass, at a minimum:

  a.  an award of pre-termination damages for unpaid February 2021 rent in the amount of $7.5 million, exclusive of default interest recoverable pursuant to the Lease;

  b.  an award of post-termination damages for the remaining term of the Lease through January 31, 2032 which is estimated to be not less than $150 million;

  c.  a declaration that the Lease is terminated;

  d.  ejectment of WB LLC from the William Vale Hotel and repossession of the Hotel by Fee Owner (which would allow Fee Owner to contract with a new hotel operator);

  e.  an award of Fee Owner's attorneys' fees, which are recoverable pursuant to the Lease; and

  f.  statutory pre-judgment interest of 9% per year.

63.     In view of the foregoing, Defendants respectfully submit that Weiss must post a bond of not less than $150 million if the motion for preliminary injunctive relief is granted.

13

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Nassau, New York
   August 18, 2022

                Ephraim Diamond

# EXHIBIT 1

FILED: APPELLATE DIVISION - 2ND DEPT 06/10/2022 10:17 AM        2022-00306
NYSCEF DOC. NO. 4                                          RECEIVED NYSCEF: 07/07/2022

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
-------------------------------------------------------------------X
WYTHE BERRY FEE OWNER LLC,                         Case No. 2022-00306
                                                  Index No. 514152/2021
                                Plaintiff,

        -   against -                             Hon. Reginald A. Boddie
                                                  Comm. Div. Part 12
WYTHE BERRY LLC, YOEL GOLDMAN and
ZELIG WEISS,                                           **CONSENT TO
                                                   CHANGE ATTORNEYS**
                                Defendants.
-------------------------------------------------------------------X

        **IT IS HEREBY CONSENTED** that Law Office of Elliott S. Martin be substituted as
attorney of record for the undersigned parties in the above-entitled appeal in place and stead of
the undersigned attorney as of June 6, 2022.

**SEDDIO & ASSOCIATES, P.C.**          **LAW OFFICE OF ELLIOTT S. MARTIN**
Outgoing Attorney                      Incoming Attorney


By: _____         By: _____
        Frank R. Seddio                       Elliot S. Martin
1 Metrotech Center, Suite 1803        16 Court Street - Suite 2304
Brooklyn, NY 11201                    Brooklyn, New York 11241
(718) 272-6040                        (718) 855-0400



**THE WILLIAM VALE HOTEL LLC**         **THE WILLIAM VALE FNB LLC**


By: _____         By: _____
        Zelig Weiss                           Zelig Weiss



**NORTH 12 PARKING LLC**               **ESPRESSO HOSPITALITY MANAGEMENT LLC**


By: _____         By: _____
        Zelig Weiss                           Zelig Weiss

1

State of New York        )
                         ).ss:
County of Kings          )

On the $5\mathrm{\,th}$ day of June, 2022, before me, the undersigned, a Notary Public in and for said State, personally appeared ZELIG WEISS personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his individual capacity, and that by his signature on the instrument, the individual, or the person upon behalf of whom the individual acted, executed the instrument.

_____
Notary Public

RACHEL FRANCZOZ (MITTELMAN)
NOTARY PUBLIC, STATE OF NEW YORK
No. 01MI6306050
Qualified in Kings County
Commission Expires June 16, 2022

2

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
-------------------------------------------------------------------X

WYTHE BERRY FEE OWNER LLC,                          App Div. Docket No.. 2022-00306
                                                    Kings Co. Index No. 514152/2021
                                   Plaintiff,

          -    against -

                                                    **AFFIRMATION OF SERVICE**

WYTHE BERRY LLC, YOEL GOLDMAN and
ZELIG WEISS,

                                   Defendants.
-------------------------------------------------------------------X


          Elliott S. Martin, Esq., an attorney duly admitted to practice law in the State of New
York, hereby affirms the following under penalties of perjury and pursuant to CPLR 2106;

          I am not a party to the action, am over 18 years of age and reside in Nassau County, State
of New York.

          On June 10, 2022 I caused to be served a true copy of a Consent to Change Attorney via
email upon the below parties as follows:

          JANICE GOLDBERG, ESQ.
          AVERY S. MEHLMAN
          MEAGHAN ROSE
          HERRICK, FEINSTEIN LLP
          Attorneys for Plaintiff
          Two Park Avenue
          New York, New York  10016
          jgoldberg@herrick.com

          JON SCHUYLER BROOKS, ESQ.
          ABRAMSON BROOKS, LLP
          1051 Port Washington Blvd., #322
          Port Washington, New York   11050
          Attorney for Defendant
          WYTHE BERRY LLC
          jbrooks@abramsonbrooks.com

KATSKY  KORINS LLP
Attn:  Thomas Lopez, Esq.
Attorneys for Non-Party
WV HOSPITALITY LLC
605 Third Avenue
New York, New York  10158
tlopez@katskykorins.com

*Elliott S. Martin*
_____
Dated: June 10, 2022                                    Elliott S. Martin

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WYTHE BERRY FEE OWNER LLC,                    :    Index No. 514152/2021
                                              :
                         Plaintiff,           :
                                              :
            -against-                         :
                                              :
                                              :    **AFFIRMATION OF**
                                              :    **RAMI KATZAV**
WYTHE BERRY LLC, YOEL GOLDMAN and             :
ZELIG WEISS,                                  :
                                              :
                         Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Rami Katzav, pursuant to CPLR 2106, affirms:

1.      I am a Vice President of Mishmeret Trust Company Limited ("Mishmeret"). As

such, I am fully familiar with the facts and circumstances set forth herein, either on the basis of

my personal knowledge, the books and records of Mishmeret, including information received

from the bondholders' representatives, and/or the review of publicly available information

2.      I submit this Affidavit in opposition to defendants Wythe Berry LLC's and Zelig

Weiss's motion to reargue their motion to dismiss the Verified Complaint (the "Complaint,"

NYSCEF No. 2) of plaintiff Wythe Berry Fee Owner LLC ("Lessor"), vacate the December 1,

2021 Decision and Order [NYSCEF Doc. No. 164], deny Lessor's motion for *pendente lite* relief,

and for related relief.

**The Deed of Trust and Mishmeret's Directive to Lessor to Enforce Lessor's Rights and
Remedies Under the Lease**

3.      Prior to Mishmeret becoming the "Lender" under the subject "Loan Documents"

(defined below at ¶ 6), All Year Holdings Ltd. ("All Year")[1] and Mishmeret executed a Deed of

---

[1] All Year is the sole Member of YG WV LLC, which is the Managing Member of Wythe Berry
Member LLC, which is in turn the sole member of Lessor.

FILED: KINGS COUNTY CLERK 03/17/2022 06:55 PM
NYSCEF DOC. NO. 196

INDEX NO. 514152/2021

RECEIVED NYSCEF: 03/17/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 22 of 99

Trust dated as of February 19, 2017 (as amended, restated, supplemented, or otherwise modified from time to time, the "Deed of Trust"). The Deed of Trust was principally secured by the "Loan Documents," including a mortgage on the real property located at 55 Wythe Avenue, Brooklyn New York (the "Leased Premises"). The Leased Premises is owned by Lessor and, pursuant to a February 28, 2017 Lease Agreement (the "Lease"), leased to Lessee.

4.  Certain Events of Default occurred under the Deed of Trust, and Lessee's failure to pay rent due under the Lease resulted in a further Event of Default under the Deed of Trust, prompting Mishmeret, through counsel, to send a letter dated February 18, 2021 to counsel for All Year and Lessor, which letter is attached as **Exhibit 1** hereto.

5.  By the February 18, 2021 letter, Mishmeret demanded that All Year and Lessor, among other things, "take all reasonable commercial actions to enforce all available rights and remedies under the Lease against the Lessee." (Exhibit 1 at p.2.)

**Assignment of the Loan Documents**

6.  Pursuant to that certain (i) Assignment of Modification of Mortgage, Security Agreement, Assignment of Rents and Fixture Filing, (ii) Assignment of Loan Documents, and (iii) Allonge, all dated as of March 16, 2021 and between All Year and Mishmeret, All Year assigned to Mishmeret the "Loan Documents," all dated as of February 28, 2017, originally entered into between Lessor as "Borrower" and All Year as "Lender".  As the assignee of All Year, Mishmeret has all rights, title and interest in the Loan Documents and as such, Mishmeret became the Lender under the Loan Documents.

7.  After assignment of the Loan Documents, All Year and Lessor, consistent with Mishmeret's demand in its February 18, 2021 letter, continued to enforce Lessor's rights and remedies under the Lease, including by noticing defaults under the Lease, terminating the Lease,

2

FILED: KINGS COUNTY CLERK 03/17/2022 06:55 PM
INDEX NO. 514152/2021
NYSCEF DOC. NO. 196
RECEIVED NYSCEF: 03/17/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 23 of 99

and commencing a lawsuit on the Lease, and, through each's counsel, kept Mishmeret apprised of developments across its enforcement efforts.

8.       Accordingly, Lessor (i) served the May 5, 2021 Notice of Default attached as Exhibit B to the Complaint [NYSCEF No. 4] on Lessee, (ii) served the May 20, 2021 Notice of Cancellation and Termination attached as Exhibit C to the Complaint [NYSCEF No. 5] on Lessee, and (iii) on June 11, 2021, filed the Complaint and brought this action in Lessor's name. As alleged in the Complaint filed by Lessor in this action (Complaint, NYSCEF No. 2, at ¶ 69), at all relevant times hereto, Lessor acted consistent with Mishmeret's demand and consent to take these actions.

9.       Mishmeret is aware of defendants' argument raised in court filings and during the November 18, 2021 Court conference (attended by Mishmeret's counsel) that pursuant to Section 3 of the Assignment of Leases and Rents and Security Deposits (the "Lease Assignment," which is one of the Loan Documents), upon Mishmeret's April 16, 2021 notice to Lessor of Events of Default under the Loan Documents, Lessor's revocable license to operate the Premises automatically terminated. Section 3 of the Lease Assignment *also* explicitly provides that Mishmeret has *no obligation* to step into Lessor's shoes as landlord of the Premises (*see also* Sections 5, 6(f) and 10).  Thus, notwithstanding the language cited by defendants, Mishmeret has *not* stepped into Lessor's shoes as landlord, and has instead (subject to its reservation of rights, *see* ¶ 10 below) looked to Lessor to proceed directly against defendants, including by bringing this action in Lessor's name.

10.       Mishmeret has and continues to reserve all of its rights, remedies, and claims under the Loan Documents and/or under applicable law.

3

FILED: KINGS COUNTY CLERK 03/17/2022 06:55 PM
NYSCEF DOC. NO. 196

INDEX NO. 514152/2021
RECEIVED NYSCEF: 03/17/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 24 of 99

11.    I affirm this 15th day of March, 2022, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Rami Katzav

4

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
                                    Pg 25 of 99

## Certification of Word Count Compliance

The undersigned counsel for Plaintiff hereby certifies that the body of the within

Affirmation contains 884 words (excluding the caption and signature block).

Herrick, Feinstein LLP

5

FILED: KINGS COUNTY CLERK 03/17/2022 06:55 PM

NYSCEF DOC. NO. 197

INDEX NO. 514152/2021

RECEIVED NYSCEF: 03/17/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document

Pg 26 of 99

# EXHIBIT 1

Chapman and Cutler LLP

Attorneys at Law · Focused on Finance®

**Michael Friedman**
Partner

1270 Avenue of the Americas
30th Floor
New York, New York 10020-1708

D 212.655.2508
F 212.655.2509
friedman@chapman.com

February 18, 2021

**VIA E-Mail**

David Herman, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Dear Mr. Herman:

Reference is hereby made to that certain Deed of Trust dated as of February 19, 2017 (as amended, restated, supplemented, or otherwise modified from time to time, the "*Deed of Trust*"), between All Year Holdings Limited, a company registered under the laws of the British Virgin Islands ("*All Year*") and Mishmeret Trust Services Company Ltd., a company registered under the laws of the State of Israel (the "*Trustee*"), that certain Amended and Restated Promissory Note dated as of February 28, 2017 (together with all security documents executed therewith, including but not limited to mortgages and assignments, the "*WV Loan*"), between Wythe Berry Fee Owner LLC, as Borrower ("*Fee Owner*") and All Year, as Lender and that certain Guaranty of Payment dated as of February 28, 2017 (as amended, restated, supplemented, or otherwise modified from time to time, the "*Guaranty*"), between Fee Owner, as Guarantor and the Trustee. We write to you in our capacity as counsel to the Trustee in connection with the Deed of Trust.

All defined terms used herein shall have the same meanings herein as in the Deed of Trust unless otherwise defined herein.

As you know, in accordance with the vote of the holders of bonds issued pursuant to the Deed of Trust (the "*Series C Bondholders*"), as published by the Trustee on February 17, 2021, as a result of certain Events of Default that have occurred and are continuing under the Deed of Trust, **the entire debt owed to the Series C Bondholders pursuant to the Deed of Trust has been accelerated and is immediately due and payable**.

As you are also aware, the Deed of Trust is secured by, principally, a collateral assignment of the WV Loan and a mortgage relating to same over that certain property known as the William

Charlotte    Chicago    New York    Salt Lake City    San Francisco    Washington, DC

FILED: KINGS COUNTY CLERK 03/17/2022 06:55 PM
NYSCEF DOC. NO. 197

INDEX NO. 514152/2021
RECEIVED NYSCEF: 03/17/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 28 of 99

Vale Hotel and Complex (the "*Property*") owned by Fee Owner, which Property has been leased to Wythe Berry LLC ("*Lessee*") under that certain Ground Lease dated February 28, 2017 (the "*Lease*") between Fee Owner and Lessee.

Pursuant to the Deed of Trust, All Year has a responsibility to the Trustee to preserve the Property and the value thereof and to provide to the Trustee information and access to the Property and information in respect of same upon the Trustee's request. All Year has a further obligation to take all commercially reasonable actions with respect to the Property and the Lessee to ensure that the Property and all operations related to such Property are being appropriately managed.

Notwithstanding numerous prior requests from the Trustee to All Year and Fee Owner, the Trustee understands that no material action has been taken by All Year or Fee Owner to exercise their rights under the Lease and obtain, let alone provide to the Trustee, even the most customary and commercial information and access to the Property as required under the Deed of Trust and related agreements and that All Year and Fee Owner have been entirely delinquent in their management and oversight of the Property.

Furthermore, the Trustee has been made aware that the Lessee has not complied with its rental obligations under Section 2.1 of the Lease having come due on February 1, 2021 and, as you know, this failure has resulted in a further Event of Default under the Deed of Trust. As you are also aware, All Year's obligation to satisfy its payment obligations under the Deed of Trust are not dependent on whether or not the Lessee satisfies its rental payment obligations under the Lease. All Year's failure to make any payment required to be made by it under the Deed of Trust will constitute a further Event of Default thereunder.

The Trustee expects and demands that All Year and Fee Owner take all reasonable commercial actions to enforce all available rights and remedies under the Lease against the Lessee, which thus far All Year and Fee Owner have been unable or unwilling to do. While All year has informed the Trustee that it sent a letter to the Lessee over a week ago, the Trustee has not received any update regarding such letter and if any response was received. Moreover, we note that this letter was sent long after All Year was notified that the Lessee did not intend to pay the required rental payment and only after the Trustee indicated that it was ready to send a letter to the Lessee as power of attorney for All Year. While the Trustee recognizes that All Year is addressing many other issues, the Trustee cannot permit the existing situation at the Property to continue thereby exposing the Series C Bondholders to increased damages and risks.

As a consequence of the foregoing and in order to satisfy All year's obligations to the Trustee, we hereby insist that All Year:

1. Obtain and provide the information identified on **Exhibit A** hereof as soon as possible.

2. Take all commercially reasonable action within All Year's power to cause the Lessee to permit the Trustee (either in its capacity as Trustee or as a power of attorney for Lessor) and/or its agents or representatives, including external advisors, reasonable access to the Property for inspection of the physical premises as well as business records, hardware, computer systems, and other assets located thereon.

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 29 of 99

       The continued failure of All Year and Fee Owner to comply with these basic requests can only be viewed as a derogation of All year's duties to preserve the Property and the value thereof as required by the Deed of Trust.

       The Trustee will continue to monitor the default situation very carefully and will decide in its sole discretion on a "day-by-day" basis whether or not to exercise further rights and remedies under the Deed of Trust and Guaranty. We remind you, however, that nothing in this letter, any temporary arrangement or agreement, ongoing discussions or negotiations between the Trustee, on the one hand, and All Year and/or Fee Owner, on the other hand, nor any delay on the part of the Trustee in exercising any of its rights and remedies under the Deed of Trust, Guaranty and/or applicable law, shall directly or indirectly: (i) create any obligation to forbear from taking any enforcement action, (ii) constitute a consent to or waiver of any past, present or future Default or Event of Default or other violation of any provisions of the Deed of Trust or Guaranty, (iii) amend, modify or operate as a waiver of any provision of the Deed of Trust or Guaranty or any right, power, privilege or remedy of the Trustee thereunder or under applicable law or constitute an agreement to forbear or to restructure All Year's obligations in any respect or otherwise modify the capital structure of All Year, or (iv) constitute a course of dealing or other basis for altering any rights or obligations of the Trustee under the Deed of Trust or All Year's obligations or obligations of any other party under the Deed of Trust, Guaranty or any other contract or instrument. Nothing contained in this letter shall confer on All Year or any other person any right to notice or cure periods with respect to any Event of Default.

       The Trustee may exercise its rights, powers, privileges and remedies under the Deed of Trust and Guaranty, all of which are reserved and are not affected hereby, at any time in its sole and absolute discretion without further notice. No oral representations or course of dealing on the part of the Trustee or any of its officers, employees or agents, and no failure or delay by the Trustee with respect to the exercise of any right, power, privilege or remedy under any of the Deed of Trust or the Guaranty or applicable law shall operate as a waiver thereof, and the single or partial exercise of any such right, power, privilege or remedy shall not preclude any later exercise of any other right, power, privilege or remedy.

[Signature Pages Follow]

3

Very truly yours,

CHAPMAN AND CUTLER LLP

By:

Michael Friedman

cc:     All Year Holdings Limited
         Wythe Berry Fee Owner LLC

FILED: KINGS COUNTY CLERK 03/17/2022 06:55 PM
INDEX NO. 514152/2021

NYSCEF DOC. NO. 197
22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
RECEIVED NYSCEF: 03/17/2022

Pg 31 of 99

Exhibit A
Information Requests

1. Signed financial reports of Lessee in All Year's or Wythe Berry Fee Owner's possession received from the Lessee for the years 2019 and 2020 as well as all documents related to any loans under the U.S. Small Business Administration's Paycheck Protection Program or other government program that Lessee or any of its affiliates received or anticipates receiving.

2. Any information in All Year's or Wythe Berry Fee Owner's possession relating to any business practice changes or other measures taken by Lessee to address the decreased commercial activity at the William Vale Hotel and Complex, including PPP or other similar loans or financial and/or governmental accommodations

3. All current agreements (including amendments and supplements, if any) and material correspondence between and among All Year, Fee Owner, Lessee, Espresso Management and/or William Vale Hotel LLC.

4. Any agreements (including amendments and supplements, if any) that may exist between Fee Owner and any of its equity holders.

5. Profit and loss, cash flow and balance sheet information and statements for the Property covering the previous three (3) years, which must include food & beverage, banquet operations and commercial areas, in each case in the aggregate and by category.

6. A rent schedule for the Property, including a copy of each rental agreement, together with amendments.

7. Detailed breakdown of labor cost by F.T.E positions, employer cost and benefit for each position.

8. Detailed architectural plans of the Property and any plans regarding the surrounding area.

9. Detailed documentation regarding mechanical, electrical and plumbing systems, definition, purpose, last inspection duration of warranties and guarantees, log of preventing maintenance.

10. Banquet department rent schedule or income per sqf. for the last three (3) years.

11. Information regarding Market segments, r/n, ADR per segment. Weekday/Weekends, seasons etc.

12. Marketing information detailing not less than fair conventions effect, days of conventions and fairs each year.

13. Detail regarding the revenue management system at the Property.

14. Quality survey for the last year results.

15. Information regarding food and beverage outlets description, covers per months for each, average food expense, average beverage expense and menus.

16. Comp set info for the prior three (3) years.

17. Current furniture, fixtures and equipment reserve, utilization and account balance.

18. PIP report.

19. Insurance Policy

# EXHIBIT 3

At I.A.S. Comm. Div. Part 12 of the
Supreme Court of the State of New York,
held in and for the County of Kings, at the
Courthouse thereof, located at 360 Adam
Street, Brooklyn, New York 11201 on the
____ day of August 2022

Present Hon. Reginald A. Boddie
Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WYTHE BERRY FEE OWNER LLC,                    :          Index No. 514152/2021
                                              :          Motion Seq. 010
                        Plaintiff,            :
                                              :
            -against-                         :          **<u>ORDER TO SHOW CAUSE</u>**
                                              :
WYTHE BERRY LLC, YOEL GOLDMAN and             :
ZELIG WEISS,                                  :
                                              :
                        Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**UPON READING AND FILING** the annexed Affidavit of Ephraim Diamond sworn to

August 5, 2022, the Affirmation of Janice Goldberg dated August 5, 2022, and the exhibits

annexed thereto, the accompanying memorandum of law, and all pleadings had herein, and no

prior request for the relief sought herein having been made, it appearing that, upon good cause

being alleged by plaintiff Wythe Berry Fee Owner LLC ("<u>Lessor</u>"), it is hereby:

**ORDERED** that defendants Wythe Berry LLC ("<u>Lessee</u>") and Zelig Weiss (together with

Lessee, "<u>Defendants</u>"), or their attorneys, show cause at the Supreme Court of the State of New

York in and for the County of Kings, at I.A.S. Comm. Div. Part 12 thereof at the County

Courthouse located at 360 Adam Street, Brooklyn, New York 11201 or via Microsoft Teams

1

virtual platform, on the ___ day of _____ 2022, at _____ o'clock ___.M., or as soon

thereafter as counsel may be heard, why an Order should not be entered:

      (i)      entering an order of ejectment ejecting Defendants from the luxury hotel (*i.e.*, The

              William Vale Hotel), office, retail and parking located at 55 Wythe Avenue,

              Brooklyn, New York due to Lessee's failure to pay the *pendente lite* use and

              occupancy due to Lessor under the Court's Decision and Order dated December 1,

              2021 [NYSCEF No. 162], in the total sum of **$7,500,000.00**; and

      (ii)     awarding such other and further relief to Lessor as the Court deems just and proper.

**IT IS FURTHER ORDERED** that this Order to Show Cause and all supporting papers,

shall be served via electronic filing upon Defendants' counsel, on or before _____, 2022;

**IT IS FURTHER ORDERED** that all affidavits and other papers in opposition to this

motion, if any, shall be served by electronic filing upon Lessor's counsel, on or before

_____, 2022; and

**IT IS FURTHER ORDERED** that all reply affidavits and other papers in further support

of this motion, if any, shall be served by electronic filing on or before _____, 2022.

Dated: Brooklyn, New York
       _____, 2022

                 ENTERED:

                       _____

                           J.S.C.

2

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 36 of 99

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WYTHE BERRY FEE OWNER LLC,                    :     Index No. 514152/2021
                                              :
                          Plaintiff,          :     Comm. Div. Part 12
                                              :     Hon. Reginald A. Boddie
            -against-                         :     Motion Seq. 010
                                              :
WYTHE BERRY LLC, YOEL GOLDMAN and             :     **AFFIDAVIT OF**
ZELIG WEISS,                                  :     **EPHRAIM DIAMOND IN**
                                              :     **SUPPORT OF EJECTMENT**
                          Defendants.         :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NASSAU         )

        EPHRAIM DIAMOND, being duly sworn, hereby deposes and says:

        1.      I am the Associate Restructuring Officer of All Year Holdings Ltd., the sole

Member of YG WV LLC, which is the Managing Member of Wythe Berry Member LLC, which

is in turn the sole member of Plaintiff Wythe Berry Fee Owner LLC ("Lessor"), the plaintiff in the

above-captioned action. As such, I am fully familiar with the facts and circumstances set forth

herein, except as to those matters stated upon information and belief, and as to those matters, I

believe them to be true.

        2.      I submit this Affidavit in support of Lessor's motion for entry of a judgment of

ejectment against defendants Wythe Berry LLC ("Lessee") and Zelig Weiss (together with Lessee,

"Defendants") with respect to the luxury hotel (*i.e.*, The William Vale Hotel), office, retail and

parking located at 55 Wythe Avenue, Brooklyn, New York (the "Leased Premises") as a result of

Lessee's failure to pay $7,500,000.00 in Court-ordered use and occupancy due on August 1, 2022.

1

FILED: KINGS COUNTY CLERK 08/05/2022 03:18 PM
INDEX NO. 514152/2021
NYSCEF DOC. NO. 269
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 37 of 99

3.      I am advised that pursuant to the Decision and Order dated December 1, 2021 [NYSCEF No. 162] (the "U&O Order"), this Court ordered Lessee to pay use and occupancy, semi-annually in the amount of $7,500,000.00, to Lessor in conjunction with Lessee's continued use and occupancy of the Leased Premises.

4.      Lessee did not pay the **$7,500,000.00** *pendente lite* use and occupancy due on August 1, 2022 to Lessor, and such sum remains due and owing.

5.      Lessee's failure to make this semi-annual payment to Lessor, despite continuing to use and occupy the Leased Premises, is harmful to Lessor's business and severely prejudicial to Lessor.

[SIGNATURE APPEARS ON FOLLOWING PAGE]

2

**WHEREFORE**, it is respectfully requested that the Court grant Lessor's motion for a

judgment of ejectment against Defendants, along with such other or further relief to Lessor as this

Court may deem just and proper.

EPHRAIM DIAMOND

Sworn to before me
this 5ᵗʰ day of August, 2022

Notary Public

SARAH OKOLIE
Notary Public, State of New York
Reg. No. 01OK6418969
Qualified in Nassau County
Commission Expires 06/28/2025

3

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 39 of 99

## <u>Certification of Word Count Compliance</u>

The undersigned counsel for Plaintiff hereby certifies that the body of the within Affidavit

contains 325 words (excluding the caption and signature block).

Herrick, Feinstein LLP

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WYTHE BERRY FEE OWNER LLC,⠀⠀⠀⠀⠀⠀⠀⠀: ⠀⠀Index No. 514152/2021
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀: 
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀: ⠀⠀Comm. Div. Part 12
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀: ⠀⠀Hon. Reginald A. Boddie
⠀⠀⠀⠀⠀⠀⠀-against-⠀⠀⠀⠀⠀⠀⠀⠀⠀: ⠀⠀Motion Seq. 010
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀: 
WYTHE BERRY LLC, YOEL GOLDMAN and⠀⠀: ⠀⠀**AFFIRMATION OF**
ZELIG WEISS,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀: ⠀⠀**JANICE GOLDBERG IN**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀: ⠀⠀**SUPPORT OF EJECTMENT**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀: 

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JANICE GOLDBERG**, an attorney duly admitted to practice law before the courts of the State of New York, hereby affirms under penalty of perjury:

1.⠀⠀⠀⠀I am an attorney at the firm of Herrick, Feinstein LLP, attorneys for plaintiff Wythe Berry Fee Owner LLC ("Lessor") in the above-captioned action, and I am fully familiar with the facts and circumstances set forth herein.

2.⠀⠀⠀⠀I submit this affirmation in support of Lessor's motion for entry of a judgment of ejectment against defendants Wythe Berry LLC ("Lessee") and Zelig Weiss (together with Lessee, "Defendants") with respect to the luxury hotel (*i.e.*, The William Vale Hotel), office, retail and parking located at 55 Wythe Avenue, Brooklyn, New York (the "Leased Premises") as a result of Lessee's failure to pay $7,500,000.00 in Court-ordered use and occupancy due on August 1, 2022.

3.⠀⠀⠀⠀Pursuant to the Decision and Order dated December 1, 2021 [NYSCEF No. 162] of this Court (the "U&O Order"), this Court ordered Lessee to pay use and occupancy, semi-annually in the amount of $7,500,000.00 (due on February 1st and August 1st of each year) to Lessor, in conjunction with Lessee's continued use and occupancy of the Leased Premises. A copy of the U&O Order is attached as **Exhibit 1** hereto.

4.      Lessee did not pay the $7,500,000.00 due on August 1, 2022, as ordered by the U&O Order.

5.      Instead, at 11:59 pm on August 1, 2022, Lessee filed a motion seeking an Order directing the Kings County Clerk to accept an undertaking in the amount of $7,500,000.00, or fix the sum of an undertaking, to effect an automatic stay of the U&O Order pursuant to CPLR 5519. [*See* NYSCEF Nos. 263-267.] By the Affidavit of Zelig Weiss in Support of Motion Re Undertaking (*see* NYSCEF No. 264 at ¶¶ 16-19) and Affirmation of Jon Schuyler Brooks in Support of Motion Re Undertaking (*see* NYSCEF No. 265 at ¶¶ 4-5, 11-18), it is clear that Lessee does currently have $7,500,000.00 by which it *can* pay the August 1, 2022 use and occupancy payment, but is instead engaging in more gamesmanship and is improperly attempting to deposit such sum with the Kings County Clerk.

6.      This last-minute motion follows, as the Court will recall, Defendants' other attempts to avoid the U&O Order, including (i) Defendants' December 15, 2021 letter request for a stay (NYSCEF No. 171), which was not acted upon by the Court, and (ii) Defendants' motion to reargue the U&O Order, which sought a proposed temporary restraining order staying proceedings and enforcement of the U&O Order, which temporary relief was denied, and which motion to reargue was ultimately denied by the Court's Decision and Order dated and entered May 19, 2022 (NYSCEF No. 223). And rather than perfect their appeal of the U&O Order, Defendants instead sought and obtained a 60-day extension of time to perfect the appeal, through August 8, 2022. It is plain that Defendants intend to ignore this Court's order to pay use and occupancy and instead plan to engage in endless motion practice in an attempt to stave off their obligations, although Defendants remain at the Leased Premises. Accordingly, the time is ripe to provide tangible relief to Lessor in the form of ejectment.

2

7.      Attached as **Exhibit 2** hereto is a Consent to Change Attorneys filed on behalf of subpoena recipients The William Vale Hotel LLC, The William Vale FNB LLC, North 12 Parking LLC and Espresso Hospitality Management LLC in one of the (unperfected) appeals related to this matter, Second Department Case No. 2022-00306. Defendant Zelig Weiss signed the Consent to Change Attorneys on behalf of each of the above-named entities.

8.      Attached as **Exhibit 3** hereto is a Judgment and Order of Ejectment entered by the Supreme Court, New York County in the matter captioned *Gramercy Park Partners, LLC v. GPH Ground Tenant LLC et al.*, Index No. 652560/2021 (N.Y. Sup. Ct. N.Y. Cnty.), filed and entered by the New York County Clerk's Office on June 6, 2022. Attached as **Exhibit 4** hereto is the underlying Decision + Order on Motion with so-ordered transcript.

9.      In accordance with CPLR 2217(b), I affirm that Lessor has made no prior request for the relief sought by this order to show cause.

10.     For all the reasons set forth herein, the instant motion should be granted in its entirety, and the Court should (i) enter a judgment of ejectment against Defendants, and (ii) grant such other or further relief to Lessor as this Court may deem just and proper.


Dated: New York, New York
        August 5, 2022

                                        */s/ Janice Goldberg*
                                        JANICE GOLDBERG

FILED: KINGS COUNTY CLERK 08/05/2022 03:18 PM
NYSCEF DOC. NO. 270

INDEX NO. 514152/2021
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 43 of 99

Certification of Word Count Compliance

The undersigned counsel for Plaintiff hereby certifies that the body of the within

Affirmation contains 751 words (excluding the caption and signature block).


Herrick, Feinstein LLP

4

# EXHIBIT 1

At an IAS Commercial Term Part 12 of the
Supreme Court of the State of New York, held
in and for the County of Kings, at the
Courthouse, located at 360 Adams Street,
Borough of Brooklyn, City and State of New
York, on the 1st day of December 2021.

P R E S E N T:
Honorable Reginald A. Boddie, JSC
-----------------------------------------------------------x
WYTHE BERRY FEE OWNER LLC,

                                Plaintiff,

        -against-

WYTHE BERRY LLC, YOEL GOLDMAN and
ZELIG WEISS,

                          Defendants.
-----------------------------------------------------------x

Index No. 514152/2021
Cal. No. 24-27  MS 1, 3, 4, 5

**DECISION AND ORDER**

| Papers | Numbered |
|--------|----------|
| MS 1 | Doc. # 9-13, 21-24, 99-105 |
| MS 3 | Doc. # 41-46, 49-56, 59-67, 69-80, 86-95, |
| MS 4 | Doc. # 106-109, 142-144, 157-159, 161 |
| MS 5 | Doc. # 113-121, 145-156, 158 |

Upon the foregoing cited papers, the decision and order on plaintiff's orders to show cause for U&O (MS 1) and a preliminary injunction (MS 3), defendants Wythe Berry and Weiss's motions to dismiss (MS 4) and to quash plaintiff's subpoenas (MS 5) is as follows:

Plaintiff Wythe Berry Fee Owner LLC (Fee Owner), an entity wholly owned by Wythe Berry Member LLC (WB Member), is the owner of The William Vale Hotel, office space, retail space and parking located at 55 Wythe Avenue, Brooklyn, New York, Block 2283, Lot 1 (the premises or hotel complex). WB Member is owned 50/50 by defendant Zelig Wiess (Weiss) and YG WV LLC. YG WV LLC, an entity wholly owned by All Year Holdings Ltd. (All Year), is the managing member of WB Member.

Defendant Wythe Berry LLC (Wythe Berry) is the lessor in possession of the premises pursuant to a 15-year ground lease executed on February 28, 2017, by defendant Yoel Goldman (Goldman) on behalf of both lessor Fee Owner and lessee Wythe Berry. Defendants Goldman and

1

FILED: KINGS COUNTY CLERK 08/05/2022 09:18 PM
INDEX NO. 514152/2021
NYSCEF DOC. NO. 202
22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
RECEIVED NYSCEF: 08/05/2022
Pg 46 of 99

Weiss are the guarantors on the lease. Goldman and Weiss are 50/50 members and owners of Wythe Berry. Weiss is the manager of Wythe Berry and allegedly in charge of all business decisions made by the company. Wythe Berry allegedly operates The William Vale Hotel through various subleases to entities that are partially or wholly owned and controlled by Weiss. Plaintiff alleged that Weiss, through Wythe Berry, the subtenants, and the Weiss Management Company, generates revenue from the business operations at the premises, and is required to pass along a portion of such revenue to Fee Owner in the form of rent payments pursuant to the lease.

Plaintiff alleged Wythe Berry failed to make a semi-annual rent payment in the amount of $7,500,000.00 due under the lease on February 1, 2021, provide any meaningful financial information concerning the hotel complex's cash flows and operations or access to the premises in breach of express provisions of the lease requiring such. Plaintiff further alleged Weiss is personally benefitting by causing Wythe Berry to pay substantial management fees to management companies he owns and/or controls, while refusing to pay the rent. Plaintiff also alleged there are outstanding NYC DOB violations which defendants have failed to cure. Plaintiffs served defendants with a Notice of Default, dated May 5, 2021, which set forth the alleged events of default and demanded lessee cure within 10 days. Plaintiff sent defendants a Notice of Cancellation and Termination, dated May 20, 2021, along with a hardship declaration, canceling and terminating the lease. Plaintiff alleged defendants failed to cure the defaults, return the COVID-19 hardship declaration, or vacate and surrender possession.

Plaintiff alleged it was prompted to seek judicial intervention because its secured lender, Mishmeret Trust Company Limited (Mishmeret), served a Notice of Events of Default; Reservation of Rights on April 16, 2021. Plaintiff alleged its payment defaults on the loan stem from defendants' failure to pay rent, which puts it in a precarious position with Mishmeret that may ultimately lead to foreclosure and loss of the hotel complex. Plaintiff commenced this action

2

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 47 of 99

on June 11, 2021, seeking a money judgment, judgment declaring the lease had been terminated, and an order directing the Sheriff of Kings County to eject Wythe Berry from the leased premises, enjoining Wythe Berry from occupying or possessing the premises, and returning possession to Fee Owner.

There are currently five motions pending before the Court. MS 1 is plaintiff's order to show cause seeking use and occupancy. MS 3 is plaintiff's order to show cause seeking a preliminary injunction enjoining defendants from entering into leases on any unleased or vacant portion of the premises. Wythe Berry and Weiss also moved to dismiss the complaint (MS 4), pursuant to CPLR 3211 (a) (1) [documentary evidence] and (a) (3) [lack of standing], on the ground that Fee Owner lacks standing to bring this action because Mishmeret, and not Fee Owner, is the real party in interest. Goldman, by counsel, entered into a stipulation with plaintiff to extend his time to answer to October 4, 2021. Counsel did not file a notice of appearance and Goldman did not file an answer or otherwise move. MS 5 is Wythe Berry and Weiss's motion to quash plaintiff's subpoenas and MS 6 is plaintiff's motion to compel compliance with its subpoenas. MS 5 and 6 were adjourned to January 13, 2022.

On a motion to dismiss, the pleading must be afforded a liberal construction and the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Qureshi v Vital Transp., Inc.*, 173 AD3d 1076, 1077 [2d Dept 2019]). On a pre-answer motion to dismiss, pursuant to CPLR 3211 (a) (3), on the ground that plaintiff lacked standing to maintain the action, the burden is on the moving defendant to establish, prima facie, plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing (*Deutsche Bank Trust Co. Americas v Vitellas*, 131 AD3d 52,

3

60 [2d Dept 2015] [citations omitted]). To defeat such motion, plaintiff's submissions must raise a question of fact as to its standing (*id.*).

On February 28, 2017, contemporaneous with the execution of the lease, plaintiff refinanced a particular debt with its lender, All Year. The debt was evidenced by an Amended and Restated Promissory Note (the Note) and secured by an Agreement of Modification of Mortgage, Security Agreement, Assignment of Rents and Fixture Filing (the Security Instrument). Goldman executed the Assignment of Leases and Rents and Security Deposits (the lease assignment) on behalf of Fee Owner, the borrower. The lease assignment was recorded on March 6, 2017. All Year subsequently transferred and assigned all its rights, title and interest in the loan documents to Mishmeret by executing an assignment on March 16, 2021, and Mishmeret became the lender under the loan documents.

Movants argued section 3 of the Lease Assignment provided that the assignment "constitutes an absolute, present assignment and not merely an assignment for additional security," and further provided that "so long as no Event of Default [under the mortgage loan] has occurred and is continuing, [Fee Owner] shall have a revocable license to operate the Property, enter into and modify Leases, and commence summary proceedings against tenants under the Leases," but that "[d]uring the continuance of an Event of Default, the aforementioned license granted to [Fee Owner] shall automatically terminate without notice to" [Fee Owner]. Movants argued there is no dispute that the loan documents, including the Lease Assignment, were assigned to Mishmeret and that Mishmeret is the lender. Movants argued Fee Owner's license automatically terminated upon and during the continuance of its undisputed default with Mishmeret. Citing *MLS Funding Corp. v Comprehensive Cardiac Servs. of N.Y., P.C.*, 188 AD3d 870, 871 (2d Dept 2020) (holding that pursuant to the clear and unambiguous assignment between the plaintiff and a nonparty assignee, the plaintiff assigned all its right, title, and interest

4

FILED: KINGS COUNTY CLERK 08/05/2022 06:18 PM
NYSCEF DOC. NO. 151
INDEX NO. 514152/2021
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 49 of 99

in its lease with the defendants to the nonparty assignee, and therefore the plaintiff was no longer the real party in interest), movants argued for dismissal of the complaint on the ground Fee Owner lacks standing to maintain the instant lawsuit.

Plaintiff alleged it had Meshmeret's authorization and consent to serve the Notice of Default and Notice of Termination, and to bring this action against defendants, subject to, and without waiver of, Mishmeret's rights pursuant to the loan documents. Plaintiff also argued that Mishmeret's consent is evinced by the fact that it has not taken any actions as a landlord under the lease nor has it prevented Fee Owner from acting in that capacity. Plaintiff contended that even if the revocable license terminated, the parties to the Lease Assignment, by their course of conduct, have chosen to continue as if such revocation had not occurred. Plaintiff argued that granting the motion to dismiss would negate the parties' intent and contradict the plain terms of the Lease Assignment in which the Lender reserved the right to step into lessor's shoes, but did not require it to do so. Plaintiff also argued defendants failed to provide the remaining loan documents, such as the Security Instrument, referenced throughout the lease assignment, which are necessary to fully interpret the lease assignment. Defendant argued in its reply that the Court take judicial notice of the remaining loan documents which were recorded and available on ACRIS. Plaintiff also argued defendants failed to attach Mishmeret's April 16, 2021 Notice of Events of Default; Reservation of Rights.

Plaintiff argued *MLS Funding Corp.*, relied on by defendants, was not on point as it involved the assignment of a lease for medical equipment and not a mortgage lien on real property. Plaintiff instead relied on *Dream Team Assoc., LLC v Broadway City, LLC*, 2003 WL 21203342, 2003 NY Slip Op 50894(U) (Civil Court, New York County 2003), which held the landlord had standing to bring summary holdover proceeding against tenant where landlord unconditionally assigned its leases and rents to the mortgage lender. The Court reasoned that New York is a "lien

5

theory" state rather than a "title theory" state, meaning that no transfer of title to the leases is effectuated when an assignment is given as security for a mortgage loan regardless of the language used in the assignment instrument (citing *see Suderov v Ogle*, 149 Misc2d 906 [App Term, 2d Dept 1991], citing 77 NY Jur 2d, Mortgages and Deeds of Trust, § 25, at 401; *see Mooney v Byrne*, 163 NY 86 [1900]; *Carr v Carr*, 52 NY 251 [1873]). The assignment did not constitute a transfer of absolute title since it was an assignment for purposes of securing a mortgage, the lender's right to collect rents terminated with satisfaction of the loan, the only permissible use that could be made of the funds collected for rent was to pay down the mortgage, the mortgagee was not required to perform any of the covenants or conditions contained in the leases, and the mortgagor was required to indemnify and hold harmless the mortgagee for any liabilities with respect to the leases.

Here, on the record presented, defendants demonstrated the lease assignment was made to All Year, as lender, for the purposes of securing a $166,320,000.00 loan it made to Fee Owner. Pursuant to the terms of the lease assignment, the lender was not required to perform any of the covenants or conditions contained in the leases, and the borrower was required to indemnify and hold harmless the lender for any liabilities with respect to the leases. Defendants failed to demonstrate the lender's right to collect rents extended past satisfaction of the loan or that lender could, at its discretion, make use of the funds collected as rent other than to pay down the mortgage. The lease assignment repeatedly referenced the Security Instrument, which was part of the loan documents, which defendants failed to attach. Plaintiff argued defendants failed to meet their burden, in part, by failing to attach the loan documents and defendants argued the Court could take judicial notice of the documents filed on ACRIS.

The first issue is whether this Court may take judicial notice of loan documents recorded on ACRIS. "To be sure, a court may take judicial notice of facts which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy"

(*Hamilton v Miller*, 23 NY3d 592, 603 [2014], quoting *People v Jones*, 73 NY2d 427, 431 [1989] [internal quotation marks omitted]). The Court has discretion to take judicial notice of public documents that are generated in a manner which assures their reliability such as material derived from official government websites (*see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co.*, 61 AD3d 13, 19 [2d Dept 2009]). The law " . . . recognizes generally two disjunctive circumstances where information may be judicially noticed. The first is when information "rests upon knowledge . . . [that is] widely accepted" (*Ptasznik v Schultz*, 247 AD2d 197, 198 [2d Dept 1998] [emphasis added]) such as calendar dates, geographical locations, and sunrise times (*id.* at 199). The second "rests upon . . . sources [that are] widely accepted and unimpeachable" (*id.* at 198 [emphasis added]), such as reliable uncontested governmental records" (*Kingsbook*, 61 AD3d at 19). Here, although the Security Instrument was recorded against the property and available on ACRIS, it is not the kind of information that rests upon knowledge that is widely accepted or sources widely accepted and unimpeachable. Therefore, the Court declines to take judicial notice of the loan documents filed on ACRIS. Accordingly, defendants failed to sustain their burden of showing plaintiffs lack standing and their pre-answer motion to dismiss, pursuant to CPLR 3211 (a) (3), is denied (*see Deustsche Bank*, 131 AD3d at 59-60).

A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211 (a) (1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d at 88). To state a cause of action for ejectment, plaintiff must establish that (1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate (*Noamex, Inc. v Domsey Worldwide, Ltd.*, 192 AD3d 817, 819 [2d Dept 2021]). Defendants' motion to dismiss based on documentary evidence

7

FILED: KINGS COUNTY CLERK 08/05/2022 09:18 PM
NYSCEF DOC. NO. 282
INDEX NO. 514152/2021
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 52 of 99

here is also denied as the evidence defendants presented failed to utterly refute plaintiff's claim that it has an immediate right to possession of the premises.

Moreover, on September 9, 2021, the Court ordered that "Wythe Berry LLC and Weiss shall submit responses to the motions and an answer to the summons and complaint on or before October 4, 2021" (NYSCEF Doc 96). On October 4, 2021, Wythe Berry and Weiss sought additional time to "respond to the Verified Complaint." The request was denied. (Doc 97 and 98). Wythe Berry and Weiss did not file an answer. Rather, they filed MS 4, a pre-answer motion to dismiss, on October 5, 2021, which was untimely. Accordingly, defendants' motion to dismiss is denied in its entirety and defendants' answer is deemed waived.

Plaintiff moved by order to show cause (MS 1) for an order directing lessee to: 1) immediately pay $1,693,548.40 of pendente lite use and occupancy (U&O) of the subject premises, located at 55 Wythe Avenue, Brooklyn, New York, at the contractually agreed upon "Base Rent" rate payable at the time the lease was allegedly terminated, (i) in the prorated amount of $443,548.40 from May 20, 2021 through the end of May, and (ii) in the amount of $1,250,000,00 per month for the month of June 2021 and on the first day of each month thereafter, 2) payment of real property taxes due to the City of New York on July 1, 2021, 3) cure all 17 outstanding violations issued against the complex by the New York City Department of Buildings dating back to January 1, 2020, 4) maintain insurance policies and deductibles as provided in section 9.1 of the lease, 5) provide access to the premises for inspection, and 6) provide all books, records, and financial information and/or providing expedited discovery.

The U&O sought here is discretionary U&O, pursuant to Real Property Law § 220, and not U&O pursuant to RPAPL 753 since this is not a summary proceeding. "A court has broad discretion in awarding use and occupancy pendente lite" (*43rd St. Deli, Inc. v Paramount Leasehold, L.P.*, 107 AD3d 501 [1st Dept 2013], citing *Alphonse Hotel Corp. v 76 Corp.*, 273

8

AD2d 124 [1st Dept 2000]). The basic elements of a claim under the section are: 1) an allegation

of ownership or other superior right in the subject premises; 2) entry into the premises by

acquiescence of the landlord; 3) continuous use and occupation thereafter; 4) proof or agreement

as to the value of the reasonable use and occupancy; and 5) refusal to pay that sum upon demand

(*see New York State Teachers' Retirement Sys. v Huberty*, 48 AD2d 741 [3d Dept 1975]). Although

the court may look to the amount of rent paid under a prior lease between the parties in setting use

and occupancy (*43rd St. Deli, Inc.*, 107 AD3d at 501, citing *see Kuo Po Trading Co. v Tsung Tsin

Assn.*, 273 AD2d 111 [1st Dept 2000]), prior rent is only probative, not dispositive, on the issue

(*43rd St. Deli, Inc.*, 107 AD3d at 501, citing *see Mushlam, Inc. v Nazor*, 80 AD3d 471, 472 [1st

Dept 2011]). Moreover, the court may refer the issue to a referee (*43rd St. Deli, Inc.*, 107 AD3d at

501, citing *Alphonse Hotel Corp. v 76 Corp*, 273 AD2d 124 [1st Dept 2000]).

> The award of use and occupancy during the pendency of an action or proceeding
> accommodates the competing interests of the parties in affording necessary and fair
> protection to both. An occupant's duty to pay the landlord for its use and occupancy
> of the premises is predicated upon the theory of quantum meruit, and is imposed by
> law for the purpose of bringing about justice without reference to the intention of
> the parties. The value of use and occupancy is the net value that would have been
> received by the landlord, taking into account the net profit from the rental, along
> with any maintenance costs that would have been incurred. The landlord generally
> has the burden of proving the amount owed by the tenant. (*255 Butler Assoc., LLC
> v 255 Butler, LLC*, 173 AD3d 651, 653-654 [2d Dept 2019] [internal quotations
> and citations omitted]).

Here, plaintiff seeks an order for U & O directing the immediate payment of pendente lite

use and occupancy, in the prorated amount of $443,548.40 from May 20, 2021, through the end of

May, and $1,250,000 per month from June 2021, directly to Lessor, payable on the first day of

each and every month. Plaintiff alleged the hotel had been operating and generating positive cash

returns of hundreds of thousands of dollars per month, even after paying operating expenses and

hundreds of thousands of dollars in management fees to the Weiss Management Company.

Plaintiff also alleged lessee had accumulated nearly $2.8 million in cash and cash equivalents as

9

recently as March 2021, and received millions of dollars in payment protection loans. Plaintiff averred lessor is now in a precarious position with Mishmeret, its secured lender, due to payment defaults on the mortgage, which is secured by the hotel complex, and allegedly stem from lessee's failure to pay rent to lessor.

As to U&O through August 2021, and the issued of posting a bond for arrears, the parties indicated during a judicial conference that the rent is current (although the record indicates Weiss admitted Wythe Berry does not have the money to pay the rent [Weiss's opposition to MS 3, Doc 84, paragraph 20]). As to the taxes, DOB violations and insurance policies, Weiss, on behalf of Wythe Berry, averred the real estate taxes that were due July 1, 2021, were paid, the alleged 17 violations issued by the New York City Department of Buildings were cured, and Wythe Berry has maintained insurance policies. Defendants provided a tax bill indicating a due date of July 1, 2021, and proof of payment in full on June 30, 2021, proof of 17 resolved or dismissed DOB violations, and proof of effective commercial property insurance. Therefore, the Court must resolve whether plaintiff's proposed $1,250,000 per month in U&O is reasonable.

The lease provided for rent in the amount of $15,000,000.00 per year to be paid in semi-annual installments of $7,500,000.00 on February 1 and August 1 of each year, plus additional rent including taxes, water, sewer, or other utility or fines imposed by a governmental authority. The lease further provided that in the event the hotel complex shall have gross annual income in excess of $50,000,000.00 in a calendar year, the rent shall be increased by an amount equal to 1.5% percent of the amount of the complex's gross annual income. Here, there are no allegations that annual income has exceeded $50,000,000.00 during the relevant period, although there is a claim for inspection of the books and records.

Plaintiff filed its demand for books and records (NYSCEF Doc 12) and seeks expedited discovery on the grounds that Wiess is allegedly self-dealing and diverting revenues, depriving

10

FILED: KINGS COUNTY CLERK 08/05/2022 09:18 BM
NYSCEF DOC. NO. 152
22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 55 of 99

INDEX NO. 514152/2021
RECEIVED NYSCEF: 08/05/2022

plaintiff of the rent it is entitled to collect, and putting plaintiff in default on its mortgage. Plaintiff argued that expedited disclosure would also serve defendants by demonstrating the merit of their claims of financial hardship. In support of granting this relief, the parties indicated during a judicial conference that the rent was current, while Weiss averred in an affidavit that Wythe Berry did not have funds to pay rent (NYSCEF Doc 84, para. 20). Further, no PC order has been entered yet.

Accordingly, defendant shall pay plaintiff U&O, pursuant to the lease, semi-annually in the amount of $7.5 million, with the next payment due on or before February 1, 2022, plus additional rent, on the grounds that such order accommodates the competing interests of the parties, affords necessary and fair protection to both parties, to the lessee through possession, pending determination of plaintiff's declaratory judgment on the issue of the lease termination and claim for ejectment, and, at the same time, to the lessor by requiring payment to the lessor for use and occupancy. As to plaintiff's request for expedited discovery regarding the books and records, the motion is granted to the extent the parties shall appear at a virtual Preliminary Conference, the time and date of which shall be scheduled by the Court.

Finally, plaintiff moved by order to show cause (MS 3) for a preliminary injunction enjoining defendants from advertising, entering into leases, or altering any unleased or vacant portion of the premises. Plaintiff averred that by letter dated August 2, 2021, lessee advised that it intends to "secur[e] new tenants for commercial and retail elements" of the leased premises and to "build out spaces for the new tenants, and must fund that work from gross revenues generated from the complex." Plaintiff also averred that in August 2021, lessee retained a broker and a listing for the vacant space on the internet with Meridian Retail Leasing advertising "Prime Restaurant Space for Lease." Plaintiff argued for a preliminary injunction on the grounds that it seeks to eject lessee from the premises by this action, after which plaintiff intends to bring in a new hotel operator who will manage the leased premises appropriately and pay rent to lessor.

11

FILED: KINGS COUNTY CLERK 08/05/2022 00:18 PM
NYSCEF DOC. NO. 252
INDEX NO. 514152/2021
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 56 of 99

Plaintiff contended that as long as defendant is not restrained, plaintiff's property rights are in jeopardy and plaintiff faces immediate, irreparable harm from a defendant controlled by a party, Weiss, who has already engaged in diversion of plaintiff's monies. Plaintiff argued it will be irreparably harmed if defendants enter into new leases with new tenants and engage in any action to alter, modify, or improve the premises to accommodate such tenants. Plaintiff also argued Wythe Berry has no defense to its failure to pay rent or its material breaches of the lease. Plaintiff further argued, on the ground that the lease terminated and Wythe Berry is illegally holding over, it has no right to market the premises or enter into new subleases for vacant spaces.

To obtain a preliminary injunction, the movant must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor (*see* CPLR 6301; *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]). "The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual" (*County of Suffolk v Givens*, 106 AD3d 943, 944 [2d Dept 2013] [citations omitted]). Irreparable injury does not refer to economic loss which is compensable by money damages, but rather refers to any injury for which money damages are insufficient (*Di Fabio v Omnipoint Communications, Inc.*, 66 AD3d 635, 636-637 [2d Dept 2009]). Movant must also show that the irreparable harm is " 'imminent, not remote or speculative' " (*Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2d Dept 2010], quoting *Golden v Steam Heat*, 216 AD2d 440, 442 [1995]). To show the balance of equities tips in favor of movant, plaintiffs must show the irreparable injury to be sustained is more burdensome to plaintiff than the harm that would be caused to the defendants through the imposition of the injunction (*e.g. Eastview Mall, LLC v Grace Holmes, Inc.*, 182 AD3d 1057, 1059 [4th Dept 2020]).

12

The likelihood of the success of plaintiff's ejectment action depends on whether plaintiff has an immediate right to possession of the premises (*see Noamex, Inc. v Domsey Worldwide, Ltd.*, 192 AD3d at 819). Where a valid landlord-tenant relationship exists, as here, a predicate notice must be served on defendant prior to commencement of an ejectment action (*see e.g. Alleyne v Townsley*, 110 AD2d 674 [2d Dept 1985]). At issue here is whether plaintiff's notice was effective to terminate the lease.

Allegedly proceeding pursuant to section 12.1 of the lease (Events of Default of Lessee), which provided the failure by lessee to pay rent, pursuant to section 2.1 of the lease, or any other monetary amount due to lessor, within 30 days of the date required, plaintiff issued a default notice on May 5, 2021. The notice indicated the basis for default and demanded remedial action within 10 days. On May 20, 2021, plaintiff issued its notice of cancellation on the grounds that defendants failed to take timely remedial action. Plaintiff argued the lease was properly terminated.

However, defendants argued the decision to terminate the lease was a "major decision" under Article 5 the WB Member Operating Agreement and therefore prior unanimous written consent of all members was required. Section 5.2.9 of the WB Operating Agreement provided termination of the lease constituted a major decision, provided that the lessee was not in material financial default under the terms of the lease. Defendants argued the May 5 notice of default never mentioned a material financial default, consequently the exception in section 5.2.9 did not apply, and plaintiff was required to obtain prior unanimous written consent before issuing the May 15 notice of termination. Weiss further argued that missing a single rent payment during a pandemic did not rise to the level of "material" financial default under the 15-year lease. Moreover, Weiss averred, the terms of the lease contemplated disruptions in the payment of rent such as New York State's Executive Orders and other pandemic-related restrictions, which entitled Wythe Berry to an abatement. Notwithstanding the foregoing, the defaults were subsequently cured.

13

To sustain its burden, plaintiff must demonstrate a clear right to relief which is "plain from the undisputed facts" (*Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350 [2d Dept 1998], quoting *Family Affair Haircutters v Detling*, 110 AD2d 745, 746 [2d Dept 1985]). Where the facts are in sharp dispute, a temporary injunction will not be granted (*id*). Here, in addition to the parties' arguments and the allegations contained in the record, plaintiff's third cause of action sought a judgment declaring the lease was properly cancelled and terminated by the Notice of Cancellation and Termination on May 20, 2021. As the purpose of a preliminary injunction is to maintain the status quo rather than provide the ultimate relief requested, and in light of the numerous factual and legal questions presented, the likelihood of plaintiff's success on the merits has not been demonstrated (*see e.g. Russian Church of Our Lady of Kazan v Dunkel*, 34 AD2d 799 [2d Dept 1970] [reasoning "[i]t is well settled that temporary injunctions which in effect give the same relief which is expected to be obtained by final judgment, if granted at all, are granted with great caution and only when required by urgent situations or grave necessity, and then only on the clearest evidence"). The determination of whether to enjoin defendants from exercising their rights under the prime lease necessarily entails the determination of plaintiff's third cause of action, which is not before the Court on this motion and the Court declines to make such determination sua sponte.

Further, for the purposes of a preliminary injunction, plaintiff must demonstrate irreparable injury which is not compensable by money damages (*see Di Fabio v Omnipoint Communications, Inc.*, 66 AD3d at 636-637). Allegations of harm, as here, which are remote or speculative are not sufficient to warrant the imposition of a preliminary injunction (*see Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2d Dept 2010], quoting *Golden v Steam Heat*, 216 AD2d 440, 442 [1995]). Here, plaintiff alleged harm may result if Wythe Berry is not enjoined from engaging in subleasing activities. However, plaintiff has failed to demonstrate such harm is

14

FILED: KINGS COUNTY CLERK 08/05/2022 08:18 PM
NYSCEF DOC. NO. 252
INDEX NO. 514152/2021
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 59 of 99

imminent or whether such subtenancy would result in actual harm to plaintiff. Moreover, " . . . a sublease is dependent upon and limited by the terms and conditions of the paramount lease from which it is carved, [and therefore,] a subtenancy may be terminated by the expiration of the term of the prime tenant, or a re-entry by the landlord for a condition broken" (*380 Yorktown Food Corp. v 380 Downing Dr., LLC*, 107 AD3d 786, 788 [2d Dept 2013]). To the extent Wythe Berry may enter into a sublease, such subtenant would be no more than a subtenant of lessee, lacking privity of estate or contract with Fee Owner, and therefore without standing to enjoin a proceeding by lessor to recover possession (*see id.*).

Wiess further argued that subleasing the vacant premises would result in income generation, the absence of which allegedly places Wythe Berry in the position to default on payment of the future rent. Fee Owner argued it would not reap the benefit of such additional revenue because Wiess would divert the funds and Wythe Berry would withhold the rent. However, as the accounts have been made current, this contention is speculative. Moreover, as long as the rent is paid, Fee Owner has no interest in how Wythe Berry expends its gross revenues, and Wythe Berry has been ordered to pay U&O. Therefore, the equities do not tip in favor of plaintiff in imposing a preliminary injunction (*see Eastview Mall, LLC*, 182 AD3d at 1059). Accordingly, plaintiff's order to show cause for a preliminary injunction (MS 3) is denied.

It is therefore so ordered:

MS 1 is granted to extent as stated herein.
MS 3 is denied.
MS 4 is denied.
MS 5, along with MS 6, is adjourned to January 13, 2021.

ENTER:

Honorable Reginald A. Boddie
Justice, Supreme Court

15                    HON. REGINALD A. BODDIE
J.S.C.

FILED: KINGS COUNTY CLERK 08/05/2022 03:18 PM
NYSCEF DOC. NO. 272

INDEX NO. 514152/2021

RECEIVED NYSCEF: 08/05/2022

22-01115-mg     Doc 23     Filed 08/18/22     Entered 08/18/22 23:19:40     Main Document
Pg 60 of 99

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
-----------------------------------------------------------------------X
WYTHE BERRY FEE OWNER LLC,                        Case No. 2022-00306
                                                  Index No. 514152/2021
                        Plaintiff,

        -   against -                             Hon. Reginald A. Boddie
                                                  Comm. Div. Part 12
WYTHE BERRY LLC, YOEL GOLDMAN and
ZELIG WEISS,                                      **CONSENT TO
                                                  CHANGE ATTORNEYS**

                        Defendants.
-----------------------------------------------------------------------X

        **IT IS HEREBY CONSENTED** that Law Office of Elliott S. Martin be substituted as
attorney of record for the undersigned parties in the above-entitled appeal in place and stead of
the undersigned attorney as of June 6, 2022.


SEDDIO & ASSOCIATES, P.C.              LAW OFFICE OF ELLIOTT S. MARTIN
Outgoing Attorney                      Incoming Attorney


By: _____           By: _Elliott S. Martin_____
        Frank R. Seddio                        Elliot S. Martin
1 Metrotech Center, Suite 1803         16 Court Street - Suite 2304
Brooklyn, NY 11201                     Brooklyn, New York 11241
(718) 272-6040                         (718) 855-0400



THE WILLIAM VALE HOTEL LLC             THE WILLIAM VALE FNB LLC


By: _____           By: _____
        Zelig Weiss                            Zelig Weiss



NORTH 12 PARKING LLC                   ESPRESSO HOSPITALITY MANAGEMENT LLC


By: _____           By: _____
        Zelig Weiss                            Zelig Weiss


1

FILED: KINGS COUNTY CLERK 08/05/2022 03:18 PM
NYSCEF DOC. NO. 272
INDEX NO. 514152/2021
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 62 of 99

State of New York    )
                     ).ss:
County of Kings      )

On the 5th day of June, 2022, before me, the undersigned, a Notary Public in and for said State, personally appeared ZELIG WEISS personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his individual capacity, and that by his signature on the instrument, the individual, or the person upon behalf of whom the individual acted, executed the instrument.

Notary Public

RACHEL FRANCZOZ (MITTELMAN)
NOTARY PUBLIC, STATE OF NEW YORK
No. 01MI6306050
Qualified in Kings County
Commission Expires June 16, 2022

2

FILED: KINGS COUNTY CLERK 08/05/2022 03:18 PM
NYSCEF DOC. NO. 272

INDEX NO. 514152/2021
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 63 of 99

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT
--------------------------------------------------------------------X
WYTHE BERRY FEE OWNER LLC,

                              Plaintiff,

        -   against -

WYTHE BERRY LLC, YOEL GOLDMAN and
ZELIG WEISS,

                              Defendants.
--------------------------------------------------------------------X

App Div. Docket No.. 2022-00306
Kings Co. Index No. 514152/2021

**AFFIRMATION OF SERVICE**

       Elliott S. Martin, Esq., an attorney duly admitted to practice law in the State of New York, hereby affirms the following under penalties of perjury and pursuant to CPLR 2106;

       I am not a party to the action, am over 18 years of age and reside in Nassau County, State of New York.

       On June 10, 2022 I caused to be served a true copy of a Consent to Change Attorney via email upon the below parties as follows:

       JANICE GOLDBERG, ESQ.
       AVERY S. MEHLMAN
       MEAGHAN ROSE
       HERRICK, FEINSTEIN LLP
       Attorneys for Plaintiff
       Two Park Avenue
       New York, New York  10016
       jgoldberg@herrick.com

       JON SCHUYLER BROOKS, ESQ.
       ABRAMSON BROOKS, LLP
       1051 Port Washington Blvd., #322
       Port Washington, New York  11050
       Attorney for Defendant
       WYTHE BERRY LLC
       jbrooks@abramsonbrooks.com

KATSKY  KORINS LLP
Attn:  Thomas Lopez, Esq.
Attorneys for Non-Party
WV HOSPITALITY LLC
605 Third Avenue
New York, New York  10158
tlopez@katskykorins.com


*Elliott S. Martin*
_____
Dated: June 10, 2022                        Elliott S. Martin

FILED: KINGS COUNTY CLERK 08/05/2022 03:18 PM
INDEX NO. 514152/2021
NYSCEF DOC. NO. 273
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 65 of 99

# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GRAMERCY PARK PARTNERS, LLC,

               Plaintiff,

        -against-

GPH GROUND TENANT LLC, RFR HOLDING
LLC, GPH INVESTORS LLC and ABY ROSEN,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No. 652560/2021

IAS Part 43
Hon. Robert R. Reed

**JUDGMENT AND
ORDER OF EJECTMENT**

**WHEREAS**, by Order to Show Cause signed April 21, 2022 [NYSCEF Nos. 180-190, 196-197], plaintiff Gramercy Park Partners, LLC ("Plaintiff"), by its attorneys, Herrick, Feinstein LLP, moved for (a) entry of a money judgment in favor of Plaintiff and against defendants GPH Ground Tenant LLC and GPH Investors LLC (together, "Defendants") in the amount of all *pendente lite* use and occupancy, including real property taxes, due and unpaid under the Court's Decision & Order on Motion dated July 9, 2021 [NYSCEF No. 49], and (b) an order of ejectment ejecting Defendants from the real property located at 2 Lexington Avenue, New York, New York 10010 (the "Premises");

**WHEREAS**, Defendants having filed an opposition to Plaintiff's motion [NYSCEF Nos. 200-213];

**WHEREAS**, the Court having reviewed the papers and having had due deliberation thereon, and having issued its decision on the record of a hearing on Plaintiff's motion on May 25, 2022, whereby the Court (a) granted Plaintiff's motion in part, (b) determined that Plaintiff's request for a money judgment against Defendants shall be severed and continued, (c) awarded Plaintiff immediate possession of the Premises, (d) directed the Clerk to issue a judgment of

ejectment to remove Defendants from the Premises, and (e) directed the Sheriff to eject Defendants from the Premises;

NOW, on motion of Plaintiff, it is hereby

ORDERED that the branch of the motion by Plaintiff seeking ejectment is granted; and it is further

ADJUDGED, that Plaintiff is entitled to recover immediate possession of 2 Lexington Avenue, New York, NY 10010 (the "Premises") from Defendants, and the Sheriff of the City of New York, County of New York, upon receipt of a certified copy of this Judgment and Order of Ejectment and payment of proper fees, is directed to place plaintiff in possession accordingly; and it is further

ORDERED AND ADJUDGED, that, the Sheriff of the City of New York, County of New York is hereby directed to remove Defendants from the Premises forthwith, and restore possession of the Premises to Plaintiff in accordance with the provisions of this Judgment and Order; and it is further

ADJUDGED, that immediately upon entry of this Judgment and Order of Ejectment, Plaintiff may exercise all acts of ownership and possession of 2 Lexington Avenue, New York, New York, 10010, including entry thereto, as against Defendants; and it is further

ORDERED AND ADJUDGED, that Defendants, their guests, agents, servants, employees, attorneys and all other persons or entities claiming title or possession under or through Defendants shall be excluded from the Premises; and it is further

ORDERED, that the Clerk of the Court shall enter this Judgment and Order of Ejectment without further notice; and it is further

2

**ORDERED**, that the balance of the above-entitled action relating to recovery of damages

is severed and continued.

ENTER:

Hon. Robert R. Reed, J.S.C.

5/26/22

Judgment signed this __6 th__ day of _Jun.__, 2022

Clerk of the Court

FILED

JUN 06 2022

AT        03:29 P        M
N.Y. CO. CLK'S OFFICE

FILED

Jun 06 2022

NEW YORK
COUNTY CLERK'S OFFICE

**Judgment**
**Index#652560/2021**

# EXHIBIT 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 43

-------------------------------------------------------------------X

GRAMERCY PARK PARTNERS, LLC,

| | |
|---|---|
| **INDEX NO.** | 652560/2021 |

Plaintiff,

| | |
|---|---|
| **MOTION DATE** | |

- v -

| | |
|---|---|
| **MOTION SEQ. NO.** | 007 |

GPH GROUND TENANT LLC, RFR HOLDING LLC, GPH
INVESTORS LLC, ABY ROSEN

Defendant.

**DECISION + ORDER ON
MOTION**

-------------------------------------------------------------------X

**HON. ROBERT R. REED:**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 180, 181, 182, 183,
184, 185, 186, 187, 188, 189, 190, 192, 193, 194, 196, 197, 200, 201, 202, 203, 204, 205, 206, 207,
208, 209, 210, 211, 212, 213, 214

were read on this motion to/for _____ JUDGMENT - MONEY _____ .

Upon the foregoing documents, it is ordered that the motion is decided pursuant to the

attached so-ordered transcript.

| 05/26/2022 | ROBERT R. REED, J.S.C. |
|---|---|
| **DATE** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☒ GRANTED    ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652560/2021  GRAMERCY PARK PARTNERS, LLC vs. GPH GROUND TENANT LLC    Page 1 of 1
Motion No. 007

1 of 21

```
 1    SUPREME COURT OF THE STATE OF NEW YORK
      COUNTY OF NEW YORK:  CIVIL TERM  PART 43
 2    -------------------------------------X
      GRAMERCY PARK PARTNERS, LLC,
 3                                          INDEX NUMBER
                            Plaintiff,       652560/2021
 4            -against-

 5    GPH GROUND TENANT LLC, RFR HOLDING
      LLC, GPH INVESTORS LLC and ABY ROSEN,
 6
                            Defendants.
 7    -------------------------------------X
                            60 Centre
 8                          New York, New York
                            May 25, 2022
 9
      H O N O R A B L E:
10
              ROBERT R. REED, PRESIDING
11
                            Supreme Court Judge.
12
      A P P E A R A N C E S:
13
              FOR THE PLAINTIFF:
14                  HERRICK, FEINSTEIN LLP
                    TWO PARK AVENUE
15                  NEW YORK, NEW YORK 10016
              BY:   JANICE GOLDBERG, ESQ.
16                  MEAGHAN ROE, ESQ.

17

              FOR DEFENDANTS:
18                  MORRISON COHEN LLP
                    909 THIRD AVENUE
19                  NEW YORK, NEW YORK 10022
              BY:   BRETT D. DOCKWELL, ESQ.
20

21

22                                SENIOR COURT REPORTER
                                  DENISE JOHNSON
23

24

25
```

FILED: NEW YORK COUNTY CLERK 08/05/2022 02:18:18 PM INDEX NO. 655560/2021
NYSCEF DOC. NO. 216 RECEIVED NYSCEF: 08/05/2022

22-01115-mg   Doc 23   Filed 08/18/22   Entered 08/18/22 23:19:40   Main Document
Pg 72 of 99

PROCEEDINGS

1          COURT CLERK:  All rise.  New York County Supreme

2    Court Part 43 is now in session.  Honorable Robert Reed is

3    presiding.

4          THE COURT:  You may have a seat.  I will have

5    appearances.  Plaintiff first.

6          MS. GOLDBERG:  Good morning, Your Honor, Janice

7    Goldberg and Meaghan Roe of Herrick, Feinstein, LLP for

8    plaintiff.

9          MR. DOCKWELL:  Good morning, Your Honor.  Brett

10   Dockwell from Morrison Cohen, LLP for defendants GPH

11   Ground Tenant, LLC and GPS Investors, LLC.

12         THE COURT:  Good morning.

13         MS. GOLDBERG:  Good morning, Your Honor.  As of

14   the date of today the application before the Court on

15   plaintiff's motion for money judgement and the order of

16   ejectment for defendants violation of the Court's July 9,

17   2021 use and occupancy order, the defendants owe plaintiff

18   $11,758,439.20.  Again that is the amount due under the

19   occupancy order as of today's date.

20         It is settled law in the First Department that a

21   tenant's failure to pay interim use and occupancy provides

22   landlord with the right to obtain a judgement of

23   possession and a money judgement for all outstanding

24   amounts due pursuant to the use and occupancy order

25   because the failure to pay is a violation of the condition

PROCEEDINGS

1        to the tenant's right to remain in continued possession of

2        the premises.

3                THE COURT:  Give me one second.  You said

4        settled law.  Give me the case.

5                MS. GOLDBERG:  Yes, Your Honor, the case is

6        Calvert versus Le Tam Realty Corp. 118 A.D.2d 426.  That

7        is a First Department decision from 1986.  On page seven

8        of the plaintiff's memorandum of law in support of the

9        order to show cause, which is docket number 181, we cite

10       additional cases applying that principle from Calvert

11       including Rose Associates versus Johnson 247 A.D. 2d 222

12       that is a First Department case from 1998, 313 West 57

13       Restaurant Corp. versus 313 West 57 Associates, 186 A.D.

14       2d 466 that is a First Department case of 1992, and then

15       we have a more recent New York Supreme Court case from

16       August 2008 Cunningham versus R&K Lerner, Inc. and that's

17       a West Law citation, 2008 WL 4106912.

18               In the opposition to the order to show cause,

19       the defendants have not cited any cases that dispute the

20       principles in Calvert and followed in the other cases

21       cited in plaintiff's brief.  In fact, there is really very

22       little contestation of any of the facts or legal issues in

23       this commercial lease dispute.  The defendants concede

24       they have breached the lease, they concede liability under

25       the lease, they do not oppose plaintiff's request for

FILED: KINGS COUNTY CLERK 05/31/2022 02:18 PM
NYSCEF DOC. NO. 214

INDEX NO. 512562/2021
RECEIVED NYSCEF: 08/25/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 74 of 99
4

PROCEEDINGS

```
1              entry of an order or judgement of ejectment.  The

2              defendant's main point in opposition is to falsely label

3              plaintiff as a vexatious litigant.  That is not so.

4                      As Your Honor knows, there was a motion for use

5              and occupancy to be awarded in July of 2021.  There was a

6              motion that the Court granted subsequently in August to

7              hold the defendants in contempt of that court order for

8              their failure to comply.

9                      There was a second contempt application brought

10             by plaintiff when the defendants remained in contempt of

11             the use and occupancy order which the Court denied without

12             prejudice.  As Your Honor commented on the record at that

13             argument, the remedy plaintiff sought at that time was

14             also a money judgement and a judgement of ejection and the

15             Court expressed its concern that to enter a judgement on

16             an award granting provisional relief before issue had been

17             joined, before the defendants had answered and while there

18             was a pending motion to dismiss gave the Court concern

19             and, therefore, the Court denied the motion without

20             prejudice to renew and entertain the motion at a more

21             appropriate later date.

22                     As of today, the motion to dismiss has been

23             resolved.  The defendants that remain in the case have

24             answered, discovery is underway, the moratorium on

25             commercial evictions has expired as of January.  The
```

FILED: NEW YORK COUNTY CLERK 08/05/2022 01:18 PM                    INDEX NO. 654552/2021

NYSCEF DOC. NO. 214    22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document    RECEIVED NYSCEF: 08/05/2022

Pg 75 of 99

PROCEEDINGS

```
 1          defendants remain in possession of plaintiff's premises

 2          which is the iconic Gramercy Park Hotel.  The hotel has

 3          been completely closed since March of 2020.

 4                    The defendant's rent default commenced in

 5          November of 2020.  The lease was terminated by landlord on

 6          March 16th of 2021.  This litigation was commenced on

 7          April 16, 2021.  Again, we were before the Court that

 8          summer for the interim use and occupancy award.  The hotel

 9          remains shuttered.  There have been no attempt by the

10          defendants to ever reopen the hotel or the world-class

11          restaurant operated by Danny Meyer that is the main

12          subtenant of the tenant even though the parent company of

13          tenant operates another hotel in the city, 11 Howard, and

14          that hotel reopened in November of 2021.

15                    As a matter of fact, the website of the Gramercy

16          Park Hotel has been deactivated.  It's no longer

17          accessible on the Internet.  For everything that plaintiff

18          can tell, furniture has been removed, artwork has been

19          removed, there's a sidewalk shed covering the front

20          entrance of the hotel, there are still outstanding DOE

21          violations against the hotel.  We believe the property is

22          not being maintained and is deteriorating.

23                    The plaintiff has been attempting to work with a

24          broker to market the property to prospective tenants but

25          that process has been impeded by the fact that our access
```

INDEX NO. 515562/2021
RECEIVED NYSCEF: 08/25/2022

PROCEEDINGS

1       to the premises is still controlled by defendants.  Our

2       perspective tenants are limited in when they can be taken

3       to see the property which is controlled by defendants.

4       Right now we cannot say to prospective tenants when we

5       have any realistic expectation of being able to deliver

6       the premises if we were to be able to enter into a new

7       lease.

8                  The current situation, Your Honor, where this is

9       something going on for well over a year, is incredibly

10      prejudicial to plaintiff and an interference with its

11      superior rights to the property.

12                 THE COURT:  There is no -- they have done

13      nothing that could be seen as offering to surrender the

14      property?

15                 MS. GOLDBERG:  They have not, Your Honor.

16                 THE COURT:  What was the number you said again?

17                 MS. GOLDBERG:  Yes, Your Honor, the number that

18      we calculate for the amounts due under the Court's use and

19      occupancy order is $11,758,439.20.

20                 I appreciate the Court's patience and time.  I

21      have one final point.  The other argument raised by

22      defendants in opposition is that there is a partial

23      summary judgement motion pending by plaintiff, which is

24      correct, and that the Court should simply resolve that

25      motion on its own time.  To a certain extent, there is a

FILED: KINGS COUNTY CLERK 05/30/2022 02:18 PM
INDEX NO. 552550/2021
NYSCEF DOC. NO. 214
22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
RECEIVED NYSCEF: 08/25/2022
Pg 77 of 99

PROCEEDINGS

```
 1              very small overlap between what is sought in the present

 2              application and the partial summary judgement motion.

 3                     When we moved for partial summary judgement, we

 4              did seek an order of ejectment due to the clear breach of

 5              the lease.  If the Court grants ejectment today for the

 6              defendant's breach and violation of the use and occupancy

 7              order, that portion of the pending summary judgement

 8              motion would be mooted.

 9                     There is approximately 2.2 million dollars of

10              real estate taxes that were paid to the City, which are

11              additional rent under the lease which if the Court granted

12              the full award amount on today's application, the partial

13              summary judgement motion would be reduced by that amount.

14              That is because the partial summary judgment motion has

15              liquidated plaintiff's claim for pre-termination damages

16              for breach of release.

17                     Other than those two items, the applications

18              today and the motion for partial summary judgement seek

19              different relief.  Again, on the partial summary judgment

20              motion, we are seeking what is landlord's liquidated

21              pre-termination of the lease damages, whereas the money

22              damages sought on today's application are the amounts that

23              are due and outstanding under the use and occupancy order

24              which have all accrued post termination of the lease while

25              the defendants have been improperly holding over.
```

PROCEEDINGS

```
 1            There is a whole host of other categories of

 2       post-termination damages that plaintiff is entitled to

 3       under the lease and it is not claiming flow from the

 4       breach of the use and occupancy order.  That amount has

 5       not been fully liquidated yet, but pursuant to the terms

 6       of the lease, plaintiff is entitled to hold-over rent at

 7       the rate of 1 and 3 quarters times the monthly base rent,

 8       damages for the remaining term of the lease, which is

 9       through 2078 and assuming no re-renting of the premise,

10       all other costs incurred by plaintiff including brokerage

11       fees and other costs for re-renting the premises, court

12       costs, legal fees, damages to the premises that needs to

13       be rehabilitated.  So there is still a whole unliquidated

14       amount of post-termination damages that really is the

15       focus of the remaining discovery in the case and which

16       would not be resolved by the Court's granting plaintiff

17       relief today.  Unless the Court has any questions, I

18       will --

19            THE COURT:  Well, formally what is it that

20       you're asking me to do if you're also then asking for

21       additional remedies by way of partial summary judgment,

22       and why is it partial summary judgement?  I guess the

23       clerk is going to want to have one judgement.  That's the

24       problem.  I don't know whether the ejectment is an order

25       by itself or ultimate judgment.  I'm just concerned
```

PROCEEDINGS

1    technically in, you know, giving you what you want if and

2    we still have this partial summary judgement.

3        MS. GOLDBERG: Well, Your Honor, I'm not aware

4    of any prohibition against entering separate judgements.

5    I do think that the Court could enter an order and

6    judgement of ejection -- we actually have a proposed order

7    prepared that we could hand up to the Court today with

8    us -- and then resolve the issue of money damages in a

9    separate judgement for the amounts due and owing.  The

10   real inequity that needs to be addressed from plaintiff's

11   perspective is the inability to reclaim possession of the

12   premises.

13       THE COURT: I think there is supposed to be one

14   judgement.  Let me hear from you, counsel.

15       MR. DOCKWELL: Good morning, Your Honor.  I want

16   to start with the fact the Court has already laid out the

17   procedure that needs to occur here.  The Court did that

18   when we appeared before Your Honor on September 21st on

19   what was then plaintiff's second contempt motion.  It's an

20   appearance that plaintiffs don't make really any reference

21   to in their papers and for good reason.  That's because at

22   that hearing the Court expressed concern that the U and O

23   order that they are seeking to enforce through contempt

24   had not been lawfully entered because of the pendency of

25   the eviction moratorium at that time.

PROCEEDINGS

```
 1              What I would like to read is Your Honor's
 2    comments and then we will get to what Your Honor said was
 3    the way forward here.  What Your Honor said, I issued a
 4    mandate, that's the same one they are trying to enforce
 5    here, directing that they make a payment.  It's not
 6    because they asked for relief.  It's simply because you
 7    asked for relief as the plaintiff.  That is out of the
 8    norm, and I'm searching through the papers to see what was
 9    the legal basis for that and I'm not seeing it.

10              What Your Honor then went onto say is drawing a
11    distinction between the request for ejectment and the
12    request for a money judgement.  Your Honor said that with
13    respect to the money judgement, I believe, I don't accept
14    that the case law that is represented by the plaintiff's
15    counsel supports that case.  In terms of ejectment, again
16    I believe if the parties can stipulate to it, fine, but
17    otherwise it has to await an answer.  Now an answer is put
18    in and, according to the procedure Your Honor laid out, an
19    ejectment order can be entered.

20              I will read the Court's very clear direction
21    here which is Your Honor speaking with plaintiff's counsel
22    and said, what you need to do is have the Court decide
23    promptly that motion to dismiss, which was pending at the
24    time, at which point either the matter is dismissed or
25    they will have to put in an answer.  When they put in the
```

PROCEEDINGS

1          answer, they have discovery in the normal course and to

2          move this matter to trial or once they have an answer,

3          move it to summary judgment on the ejection action if

4          there is no dispute about that.

5                    That is exactly what happened here, Your Honor.

6          They did move for partial summary judgement.  Your Honor

7          asked why it's partial summary judgement.  They explained

8          in their summary judgement papers why that was.  That is

9          because they said they can't liquidate the amount that is

10         due at this point.  They said in their brief, although

11         summary judgement as to liability against tenant is

12         appropriate at this time, landlord's post-termination

13         damages, which is the same damages they are trying to

14         liquidate here, are continuing and cannot be liquidated.

15                   Accordingly, landlord respectfully requests the

16         Court direct a damages inquest to be held at a later date

17         to determine the appropriate award consisting of

18         landlord's post-termination damages and attorney fees.

19         That's what should happen, Your Honor.  We have opposed

20         the request for damages and summary judgement on the

21         grounds they have not actually specified what damages they

22         are seeking.  They just have invoked numerous provisions

23         of the lease but they have not said which ones they are

24         actually seeking damages under, so we have objected to

25         this under that ground.

FILED: KINGS COUNTY CLERK 08/05/2022 02:18 PM
NYSCEF DOC. NO. 276
INDEX NO. 515150/2021
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 82 of 99

PROCEEDINGS

```
 1                    In the other branches of the summary judgement

 2        motion as well as here, the branch seeking ejectment we do

 3        not have a basis to object to that.  As Your Honor stated,

 4        the tenant either needs to pay rent or vacate the

 5        premises.  We have explained previously, and I know Your

 6        Honor did not find it compelling, the fact of the matter

 7        is this hotel is subject to a collective bargaining

 8        agreement.  Under that agreement the tenant is prohibited

 9        from voluntarily surrendering the hotel unless the

10        transferee accepts the CDA.

11                    We are at this position now where I think this

12        case can move to a resolution, which we want it to move to

13        a resolution as much as plaintiffs do, here where the

14        summary judgment motion has been made the ejectment has

15        been sought.  We have no basis to object to it.  We would

16        ask that the Court rule on the uncontested branches of the

17        motion for summary judgement and that the parties complete

18        their discovery on money damages and at that point

19        plaintiff can bring the motion for summary judgement or

20        defendants, perhaps, will bring a motion for summary

21        judgement to resolve the remaining issues of the case with

22        respect to damages.

23                    That's what we request here, Your Honor.  We

24        think this is duplicative.  The relief being sought here

25        today is unnecessary relief and we believe, frankly, this
```

FILED: KINGS COUNTY CLERK 05/30/2022 02:18 PM
NYSCEF DOC. NO. 216
22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 83 of 99
INDEX NO. 512560/2021
RECEIVED NYSCEF: 08/30/2022
13
PROCEEDINGS

1           is really by plaintiff's impatience and inability to get

2           possession of the hotel.  The proper remedy for that is

3           the procedure Your Honor laid out and not to bring a third

4           contempt motion as plaintiff has done here.

5                       MS. GOLDBERG:  May I respond briefly, Your

6           Honor?

7                       THE COURT:  Yes.

8                       MS. GOLDBERG:  This is not a third contempt

9           motion.  The part of the transcript that Mr. Dockwell read

10          to you from the second contempt motion was, in fact,

11          discussing two unreported Supreme Court decisions in where

12          the specific issue was whether a money judgement and/or an

13          order of ejectment was a proper remedy on the contempt

14          application.  Your Honor did not find those cases to

15          compel that result in September of 2021.

16                      We took Your Honor's ruling seriously.  Upon

17          further review that is why we have made this motion, which

18          again is not brought pursuant to any provision of the CPLR

19          in the judiciary law for contempt remedy.  It's a

20          straightforward remedy that, as discussed in the Calvert

21          First Department 1986 case, and the other cases I referred

22          Your Honor to on page seven of our brief, the proposition

23          that a tenant's failure to pay court ordered use and

24          occupancy is a violation of the condition of its right to

25          remain in possession of the premises which permits a

```
 1            landlord to apply not only for a money judgement but also

 2            for a possessory judgement or both.  That is why we made

 3            this application to the Court and that is why we are here

 4            today.

 5                      To reiterate, the partial summary judgement

 6            motion has liquidated landlord's pre-termination damages

 7            in a set amount.  As I previously noted, and as

 8            Mr. Dockwell just said, the post-termination damages are

 9            not fully liquidated yet but certainly the amounts that

10            the Court directed the defendants to pay in the use and

11            occupancy order are clear and those amounts have not been

12            paid and that amount is capable of being liquidated as of

13            today.  I gave Your Honor the number.

14                      We would not seek to duplicate those damages in

15            a final award.  We are not saying we are entitled to

16            anything other than what the lease provides, but the issue

17            of whether portions of the damages have been liquidated is

18            not disputed.  It has been.  It's calculable and that is

19            why we have made this application and it is separate from

20            the money damages sought on the partial summary judgement

21            motion.

22                      THE COURT:  Well, I'm uncomfortable with the

23            idea of requiring the clerk's office to enter two separate

24            money judgements.  In a commercial sense money is if you

25            have as of today 11 million dollars and you can get a
```

FILED: KINGS COUNTY CLERK 08/05/2022 02:18 PM
NYSCEF DOC. NO. 276
INDEX NO. 552550/2021
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 85 of 99
15
PROCEEDINGS

```
 1        judgement today and that, you know, there is interest on

 2        that.  If we move it over to September, you still have 11

 3        million dollars plus interest.  So you're not losing

 4        anything.  You're losing because you don't have

 5        possession.  That's the issue.

 6             I have heard from both sides with respect to

 7        this motion.  The motion here seeks judgement and

 8        possession and entry of money damages for failure to pay

 9        interim use and occupancy that as of today is an amount of

10        $11,758,439.20.

11             There is no dispute that the order that was

12        entered by this Court July 9th of 2021 has not been

13        complied with to the extent that the Court at that time

14        ordered the defendant to pay the plaintiff monthly use and

15        occupancy for the subject premises in the sum of

16        $433,333.33 each month that was then due and real estate

17        taxes in the amount of 3,944,105.74 with interest

18        representing taxes due on January 1, 2021 and July 1st of

19        2021.

20             There is no dispute about the amount of the none

21        payment of those interim use and occupancy and there is no

22        dispute that the defendants were unable or have not

23        surrendered the premises back to the plaintiffs.  So,

24        therefore, under the settled law of the First Department

25        where a tenant's failure to pay interim use and occupancy
```

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 86 of 99

PROCEEDINGS                                                          16

1        provides the landlord the right to obtain a judgement of

2        possession and money judgement for all outstanding amounts

3        due, I note the Calvert case which is Calvert versus Le

4        Tam Realty Corp. -- Calvert C-A-L-V-E-R-T versus L-E space

5        T-A-M Realty Corp. -- 118 A.D.2d 426 and 427.

6                There the First Department in 1986 held that the

7        defendant was entitled to a judgement for unpaid use and

8        occupancy plus any additional arrears and could seek an

9        order of repossession upon plaintiff's failure to satisfy

10       such judgment within 30 days or upon further default

11       payment of use and occupancy.

12               There is the also the Rose Associates versus

13       Johnson case at 247 A.D.2d 222 at 223.  That's a 1998 case

14       where the Court said defendant's failure to pay the

15       interim use and occupancy was a violation of the condition

16       to her right to remain in the apartment for making

17       defendant landlord to apply for appropriate relief in such

18       case, for example, a money judgement or eviction or both.

19               In the 313 West 57 Restaurant Corp. Versus 313

20       West 57 Associates at 186 A.D.2d 466 at 466, the First

21       Department in 1992 held that plaintiffs failed to pay use

22       and occupancy and, accordingly, defendant is entitled to

23       an order of possession.

24               Here, in the Court's view, the plaintiff is

25       entitled to an award possession.  There appears to be no

PROCEEDINGS

1      real dispute about that.  The Court, however, as long as

2      we have this partial summary judgement out there asking

3      for different relief in terms of money damages, I think

4      it's imprudent to have this Court enter a money judgement

5      today for 11 million dollars and then have to consider

6      putting together a separate judgement, money judgement for

7      the clerk to have to deal with later on.  I do think there

8      is no difficulty putting together an order and judgement

9      of ejectment.  So that's what we will do today.

10          For the reasons that have been articulated

11     during the course of this argument, it is hereby ordered

12     that the motion by plaintiff for an order directing entry

13     of a money judgement and judgement of ejectment is granted

14     in part to the following extent that it's hereby ordered

15     that the motion is granted as to ejectment but is denied

16     to the extent that it seeks an entry, a separate entry of

17     money judgement for accumulated use and occupancy as of

18     today.

19          The Court will revisit this issue upon the

20     hearing of a motion for a summary judgement.  It is,

21     therefore, ordered and adjudged that plaintiff is entitled

22     to possession of the subject premises as described in the

23     complaint.  Counsel, do you have the address?

24          MS. GOLDBERG:  The address, Your Honor, is 2

25     Lexington Avenue, New York, New York 10010.

FILED: KINGS COUNTY CLERK 05/30/2022 02:18 PM
INDEX NO. 552552/2021
NYSCEF DOC. NO. 216
22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
RECEIVED NYSCEF: 08/25/2022
Pg 88 of 99
18

PROCEEDINGS

1          THE COURT:  It's adjudged that the plaintiff is

2     entitled to possession of the premises and all therein to

3     2 Lexington Avenue, New York, New York 10010 and as

4     against the defendants, each and every one of them, can

5     share with the City of New York, County of New York upon

6     receipt of certified copy of this order and judgement upon

7.    paying that proper fees is directed to place plaintiff in

8     possession accordingly.

9          It is further adjudged that immediately upon

10    entry of this order and judgement, the plaintiff may

11    exercise all acting of ownership and possession of said

12    premises at 2 Lexington Avenue, New York, New York 10010

13    including entry thereto as against defendants, each and

14    every one named in this caption.

15          It is further ordered that the balance of the

16    above entitled action relating to recovery of damages

17    including use and occupancy damages that have been

18    accumulated thus far is ~~separate~~ *Severed* and continued.    RPE
                                                                       JSC

19          I direct the counsel for the moving party to

20    order a copy of the transcript of today's proceedings that

21    are so ordered.  Counsel indicated they had a proposed

22    judgement.  Do you want to give that to the clerk as we

23    close or do you want to consider it in light of what the

24    Court has said here?

25          MS. GOLDBERG:  Yes, Your Honor, based upon Your

FILED: KINGS COUNTY CLERK 05/31/2022 02:18 PM
NYSCEF DOC. NO. 216

INDEX NO. 511552/2021
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 89 of 99

PROCEEDINGS

1          Honor ruling today, I do think that we would like to

2     modify our proposed order.  We will get that filed by the

3     end of the day today.

4                    (Whereupon, there was a pause in the

5     proceedings.)

6                    THE COURT:  All right.  The clerk tells me the

7     zip code is 10010 not 10001.

8                    MS. GOLDBERG:  That's what we have, Your Honor.

9                    THE COURT:  What is that?

10                   MS. GOLDBERG:  That's what I have in my papers,

11    Your Honor.

12                   THE COURT:  10010?

13                   MS. GOLDBERG:  Yes.

14                   THE COURT:  Okay.  I have been making a mistake.

15    So, reporter, if you could just make the correction where

16    I said 10001 it's 10010.  I said that twice I believe.  In

17    addition to ordering a copy of the transcript of today's

18    proceedings and delivering that to the clerk of Part 43, I

19    ask you to send a form order judgement to her that

20    reflects the Court's decision as of today.

21                   MS. GOLDBERG:  To the court reporter?

22                   (Continued on the next page.)

23

24

25

PROCEEDINGS

1          THE COURT:  To the clerk, Part 43 Clerk.

2          MS. GOLDBERG:  Understood.  Thank you.

3          THE COURT:  The record is closed.

4    ****************************************************************

5    This is certified to be a true and accurate transcript of the

6    above proceeding recorded by me.

7

8                        _____ *Denise Johnson* _____
                              DENISE JOHNSON
                           SENIOR COURT REPORTER
9

10

11                   SO ORDERED:

12

13                       Hon. Robert R. Reed

14                                          5/26/22

15

16

17

18

19

20

21

22

23

24

25

FILED: KINGS COUNTY CLERK 08/05/2022 03:18 PM
INDEX NO. 514152/2021
NYSCEF DOC. NO. 275
22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
RECEIVED NYSCEF: 08/05/2022
Pg 91 of 99

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WYTHE BERRY FEE OWNER LLC,                    :        Index No. 514152/2021

                    Plaintiff,            :

                              :        Comm. Div. Part 12

          -against-            :        Hon. Reginald A. Boddie

                              :        Motion Seq. 010

WYTHE BERRY LLC, YOEL GOLDMAN and    :
ZELIG WEISS,                                  :

                  Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
# OF MOTION FOR A JUDGMENT OF EJECTMENT

HERRICK, FEINSTEIN LLP
Avery S. Mehlman
Janice Goldberg
Meaghan Roe
2 Park Avenue
New York, NY 10016
Tel: (212) 592-1400

*Attorneys for Plaintiff Wythe Berry Fee Owner LLC*

FILED: KINGS COUNTY CLERK 08/05/2022 03:18 PM
INDEX NO. 514152/2021
NYSCEF DOC. NO. 275
RECEIVED NYSCEF: 08/05/2022

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 92 of 99

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................. 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................... 2

ARGUMENT ............................................................................................................. 3

THE APPROPRIATE REMEDY FOR LESSEE'S FAILURE TO PAY USE
AND OCCUPANCY IS ENTRY OF A JUDGMENT OF EJECTMENT ................. 3

CONCLUSION .......................................................................................................... 5

i

FILED: KINGS COUNTY CLERK 08/05/2022 03:18 PM
INDEX NO. 514152/2021

NYSCEF DOC. NO. 275

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
RECEIVED NYSCEF: 08/05/2022

Pg 93 of 99

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

*313 W. 57 Rest. Corp. v. 313 W. 57th Assoc.*,
   186 A.D.2d 466 (1st Dep't 1992) ..............................................................4

*Andejo Corp. v. S. St. Seaport Ltd. P'ship*,
   No. 0603707/2004, 2007 WL 4737921 (N.Y. Sup. Ct. N.Y. Cty. Jan. 18, 2007) ....................4

*Calvert v. Le Tam Realty Corp.*,
   118 A.D.2d 426 (1st Dep't 1986) ..............................................................4

*Cunningham v. R & K Lerner, Inc.*,
   No. 0604089/2007, 2008 WL 4106912 (N.Y. Sup. Ct. N.Y. Cty. Aug. 20, 2008) ..................4

*Elnenaey v. Nachimovsky, Esq.*,
   No. 6698/2016, 2020 WL 1158823 (N.Y. Sup. Ct. Kings Cty. Feb. 25, 2020)......................3

*Emerita Urban Renewal, LLC v. New Jersey Court Services, LLC*,
   No. 515517/2016, 2019 WL 688149 (Sup. Ct. Kings Cty. 2019) ............................3

*Park Terrace Gardens, Inc. v. Penkovsky*,
   100 A.D.3d 577 (1st Dep't 2012) ..............................................................4

*Pauk v. Pauk*,
   232 A.D.2d 386 (2d Dep't 1996) ..............................................................3

*Rose Assoc. v. Johnson*,
   247 A.D.2d 222 (1st Dep't 1998) ..............................................................3

*Tencza v. Hyland*,
   149 Misc. 2d 403,406 (Sup. Ct. Oneida Cty. 1990)...............................................3

*Vintage Flooring & Tile, Inc. v. DCM of NY LLC*,
   44 Misc. 3d 1229(A), 2014 WL 4457296 (Sup. Ct. Kings Cty. 2014)....................................3

## <u>Statutes & Rules</u>

CPLR 2214............................................................................................3

CPLR 5519............................................................................................2

CPLR 5519(a)(2) ..................................................................................3

CPLR 5519(a)(3) ..................................................................................3

ii

Plaintiff Wythe Berry Fee Owner LLC ("<u>Lessor</u>"), by and through its attorneys, respectfully submits this memorandum of law in support of its motion for an order (i) awarding Lessor a judgment of ejectment against defendants Wythe Berry LLC ("<u>Lessee</u>") and Zelig Weiss (together with Lessee, "<u>Defendants</u>"), and (ii) for such other and further relief as the Court deems just and proper.

## <u>PRELIMINARY STATEMENT</u>

This motion, by which Lessor seeks a judgment of ejectment against Defendants with respect to the luxury hotel (*i.e.*, The William Vale Hotel), office, retail and parking located at 55 Wythe Avenue, Brooklyn, New York (the "<u>Leased Premises</u>"), comes as a result of Lessee's failure to pay $7,500,000.00 to Lessor pursuant to this Court's prior use and occupancy order.

Specifically, by a Decision and Order dated December 1, 2021 [<u>NYSCEF No. 162</u>] (the "<u>U&O Order</u>")[1], this Court ordered that Lessee must pay use and occupancy to Lessor semi-annually in the amount of $7,500,000.00 for so long as Defendants holdover, use and occupy the Leased Premises, which is owned by Lessor and was leased to Lessee pursuant to a commercial ground lease terminated by Lessor on May 20, 2021. However, Lessee has failed to pay the $7,500,000.00 semi-annual use and occupancy payment due on August 1, 2022, and has instead filed *yet another* frivolous motion with the Court seeking delay and avoidance of its obligations to Lessor. As a result of Lessee's failure to pay such use and occupancy pending a determination on the merits and refusal to surrender possession of the Leased Premises – a clear violation of the U&O Order – Lessor, by this motion, seeks a judgment of ejectment. Defendants have no defenses to this action, yet unlawfully remain at the Leased Premises, without payment to Lessor. Defendants have acted in defiance of this Court's order, and apparently expect that they can

---

[1] A copy of the U&O Order is attached as Exhibit 1 to the accompanying Affirmation of Janice Goldberg (the "<u>Goldberg Aff.</u>").

1

continue to do so in perpetuity, effectively granting themselves stays, without suffering any negative consequences while depriving Lessor of both the use of its property and the ability to generate any income from the property, causing Lessor to incur tens of millions of dollars in additional damages. This conduct cannot and must not be permitted to continue.

    As more fully set forth below, Lessor is entitled to a judgment of ejectment in connection with Lessee's failure to make the Court-ordered use and occupancy payment or surrender the Leased Premises to Lessor.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

    By the U&O Order, the Court directed Lessee to pay *pendente lite* use and occupancy to Lessor semi-annually in the amount of $7,500,000.00 (due on February 1st and August 1st of each year). (*See* Goldberg Aff. Ex. 1.) However, Defendants have elected to ignore the U&O Order, and Lessee did not pay the $7,500,000.00 to Lessor by August 1, 2022, as required. (Affidavit of Ephraim Diamond ¶ 4.)

    Rather than pay the $7,500,000.00 due to Lessor, at 11:59 pm on August 1, 2022, Lessee filed a motion seeking an Order directing the Kings County Clerk to accept an undertaking in the amount of $7,500,000.00, or fix the sum of an undertaking, to effect an automatic stay of the U&O Order pursuant to CPLR 5519. Those motion papers demonstrate that Lessee does in fact have $7,500,000.00 by which it *can* pay the August 1, 2022 use and occupancy payment, but is instead, consistent with Defendants' tactics throughout this litigation, engaging in more gamesmanship and delay. (Goldberg Aff. ¶¶ 4-6.)[2]

---

[2] Unfortunately, Lessor does not have more information concerning Lessee's finances – although Lessor served subpoenas on Lessee's subtenants and related management entities over a year ago, and this Court entered an Order compelling such entities to respond to Lessor's subpoenas in January 2022 (NYSCEF No. 185), each subpoena recipient has ignored this Court's Order. An appearance on Lessor's motion to hold those entities in contempt (NYSCEF No. 260) is scheduled for September 29, 2022 (NYSCEF No. 262). These entities are all, upon information and belief,

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 96 of 99

Despite no stay of the U&O Order (and no stay is warranted in light of Lessor's untimely attempt to post an undertaking[3]), Defendants elected to ignore the Court's order and simply continue to holdover at the Leased Premises, without paying the required sum to Lessor for their use and occupancy of same. At the same time, Defendants have taken all possible steps to delay the progression of this case, including numerous "emergency" motions seeking stays, all of which have been denied to date.

Therefore, as a result of Defendants' willful failure to meet the Court-ordered conditions for continued possession of the Premises, the Court should enter a judgment of ejectment against Defendants.

## ARGUMENT

### THE APPROPRIATE REMEDY FOR LESSEE'S FAILURE TO PAY USE AND OCCUPANCY IS ENTRY OF A JUDGMENT OF EJECTMENT

It is settled law in New York State that a tenant's failure to pay interim use and occupancy provides the landlord the right to obtain a judgment of possession and money judgment for all outstanding amounts due. *Elnenaey v. Nachimovsky, Esq.*, No. 6698/2016, 2020 WL 1158823 (N.Y. Sup. Ct. Kings Cty. Feb. 25, 2020) (citing *Rose Assoc. v. Johnson*, 247 A.D.2d 222, 223 (1st Dep't 1998) ("The tenant's failure to pay the interim use and occupancy was a violation of a

---

controlled by Defendant Zelig Weiss, who signed a Consent to Change Attorneys on behalf of a number of these entities (*see* Goldberg Aff. ¶ 7 & Ex. 2).

[3] To briefly address Lessee's frivolous motion to direct the Kings County Clerk to accept a $7,500,000.00 undertaking or alternatively fix the sum of an undertaking under CPLR 5519(a)(2) or (a)(3), Lessee is not entitled to the relief it seeks because it failed to post an undertaking before or contemporaneously with the filing of the notice of appeal of the U&O Order, which notice of appeal was filed on December 7, 2021 (NYSCEF No. 169). *See Pauk v. Pauk*, 232 A.D.2d 386, 392 (2d Dep't 1996); *Tencza v. Hyland*, 149 Misc. 2d 403,406 (Sup. Ct. Oneida Cty. 1990); *Vintage Flooring & Tile, Inc. v. DCM of NY LLC*, 44 Misc. 3d 1229(A), 2014 WL 4457296, *2 n.5 (Sup. Ct. Kings Cty. 2014); *Emerita Urban Renewal, LLC v. New Jersey Court Services, LLC*, No. 515517/2016, 2019 WL 688149, at *2 (Sup. Ct. Kings Cty. 2019). Lessor reserves all rights to respond more fully to Lessee's motion in accordance with the deadline set by CPLR 2214.

3

condition to her right to remain in the apartment, 'permitting defendant [landlord] to apply for appropriate relief, e.g., a money judgment, or eviction, or both.'") and *Park Terrace Gardens, Inc. v. Penkovsky*, 100 A.D.3d 577, 577 (1st Dep't 2012) ("Ejectment was properly based on defendants' repeated failures to comply with orders directing payment of use and occupancy, which was a condition of their continued occupancy of their cooperative apartment.")); *see also Calvert v. Le Tam Realty Corp.*, 118 A.D.2d 426, 427 (1st Dep't 1986) (holding that the defendant cooperative was entitled to a judgment for unpaid use and occupancy, plus any additional arrears, and could seek an order of repossession upon plaintiff's failure satisfy such judgment within 30 days, or upon further default in the payment of use and occupancy) (Citation omitted); *313 W. 57 Rest. Corp. v. 313 W. 57th Assoc.*, 186 A.D.2d 466, 466 (1st Dep't 1992) ("Plaintiffs failed to pay use and occupancy, and accordingly, defendant is entitled to an order of possession.") (Citations omitted); *Cunningham v. R & K Lerner, Inc.*, No. 0604089/2007, 2008 WL 4106912 (N.Y. Sup. Ct. N.Y. Cty. Aug. 20, 2008) ("[A] tenant's failure to pay court ordered use and occupancy is a violation of a condition of its right to remain in possession of the premises, which permits a landlord to apply not only for a money judgment, but also for a possessory judgment, or both."); *Andejo Corp. v. S. St. Seaport Ltd. P'ship*, No. 0603707/2004, 2007 WL 4737921 (N.Y. Sup. Ct. N.Y. Cty. Jan. 18, 2007) (awarding judgments of ejectment, with a stay of execution conditioned upon prompt payment of money judgment and future use and occupancy, and providing for vacatur of such stay upon "any default in payment"). Indeed, very recently (in June 2022), in another commercial lease non-payment case, Supreme Court, New York County, entered a Judgment and Order of Ejectment following the tenant's failure to pay Court-ordered *pendente lite* use and occupancy. (Goldberg Aff. ¶ 8 & Exs. 3-4.)

4

FILED: KINGS COUNTY CLERK 08/05/2022 03:18 PM
NYSCEF DOC. NO. 275

22-01115-mg    Doc 23    Filed 08/18/22    Entered 08/18/22 23:19:40    Main Document
Pg 98 of 99

INDEX NO. 514152/2021
RECEIVED NYSCEF: 08/05/2022

In sum, where a commercial tenant fails to pay court-ordered use and occupancy, entry of a judgment of ejectment is appropriate. A stay of execution of the ejectment is only available upon the tenant's payment of use and occupancy and use and occupancy arrears. However, as reflected by Zelig Weiss' affidavit filed in support of Lessee's bad-faith motion for an undertaking, Lessee is plainly able to pay use and occupancy to Lessor (Lessor notes that an inability to pay would not be a defense), but has simply elected not to do so. And Lessee's failure to make such Court-ordered payment entitles Lessor to a judgment of ejectment so that Lessor can seek to profitably utilize its own property.

Therefore, as a result of Lessee's failure to adhere to the U&O Order, and failure to make its semi-annual payment of $7,500,000.00 to Lessor, a judgment of ejectment is warranted.

## **CONCLUSION**

For the foregoing reasons, Lessor respectfully requests that this Court grant this motion in its entirety and (i) enter a judgment of ejectment against Defendants, and (ii) grant such other or further relief to Lessor as this Court may deem just and proper.

Dated: New York, New York
       August 5, 2022

HERRICK, FEINSTEIN LLP

By:  _/s/ Janice Goldberg_
       Avery S. Mehlman
       Janice Goldberg
       Meaghan Roe
2 Park Avenue
New York, New York 10016
(212) 592-1400

*Attorneys for Plaintiff Wythe Berry Fee Owner LLC*

### Certification of Word Count Compliance

The undersigned counsel for Plaintiff hereby certifies that the body of the within Memorandum of Law contains 1,604 words (excluding the caption, table of contents, table of authorities and signature block).

Herrick, Feinstein LLP

6