**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| ALL YEAR HOLDINGS LIMITED, | Case No. 21-12051 (MG) |
| Debtor.[1] | |
| Fed. Tax Id. No. 98-1220822 | |

---

| | |
|---|---|
| ZELIG WEISS, | |
| Plaintiff | Adv. Proc. No. 22-1115 (MG) |
| v. | |
| ALL YEAR HOLDINGS LIMITED, YGWV LLC, | |
| Defendants, and | |
| WYTHE BERRY MEMBER LLC, | |
| Nominal Defendant.[2] | |

---

# APPELLANT'S STATEMENT OF ISSUES AND DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL

---

[1]   The Debtor's principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2]   Wythe Berry Member LLC is named as a nominal defendant in light of the nature of the claims asserted in this adversary proceeding.

Appellant, Zelig Weiss ("Weiss"), by and through his undersigned counsel, hereby provides, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, the following statement of issues, designation of items to be included in the record on appeal, and certification regarding transcripts (this "Statement") with respect to the Notice of Appeal filed by Weiss on October 7, 2022 [Adv. Docket No. 54].³ As set forth in the Notice of Appeal, Weiss appeals from the *Memorandum Opinion and Order Granting Defendants' Motion to Dismiss the Amended Complaint and Denying Plaintiff's Motion for Partial Summary Judgment* [Adv. Docket No. 52] (the "Dismissal Order").

## STATEMENT OF ISSUES

1. Whether the Bankruptcy Court erred as a matter of law in concluding that Weiss failed to plausibly allege in Count I of his Amended Complaint that Appellee All Year Holdings Limited (the "Debtor") is the alter ego of its subsidiary, Appellee YG WV LLC ("YGWV"), and is therefore bound by certain contractual transfer restrictions owed to Weiss under a limited liability company agreement (the "Member LLC Agreement"), where, among other things, (i) the Bankruptcy Court acknowledged that Weiss sufficiently alleged that the Debtor dominated YGWV, and (ii) Weiss further alleged that the Debtor used such domination to circumvent the transfer restrictions under the Member LLC Agreement and thereby harm Weiss.

2. Whether the Bankruptcy Court erred as a matter of law in concluding that Weiss failed to plausibly allege in Count I of the Amended Complaint that the Debtor evinced an intent to be bound (and thereby became bound) by the Member LLC Agreement where the Debtor,

---

³ This Statement refers to docket entries in All Year Holdings Limited's chapter 11 case, *In re All Year Holdings Limited,* No. 21-12051 (MG) as, "Bankr. Docket No. __" and docket entries in Weiss's adversary proceeding, Adv. Proc. No. 22-1115 (MG) as, "Adv. Docket No. __."

among other things, fully negotiated the Member LLC Agreement with Weiss prior to the formation of YGWV.

3.     Whether the Bankruptcy Court erred as matter of law in concluding that Weiss failed to plausibly allege in Count II of the Amended Complaint a claim for breach of the implied covenant of good faith and fair dealing where the Debtor and YGWV engaged in a scheme intentionally designed to circumvent the Member LLC Agreement's transfer restrictions and thereby deprive Weiss of the benefit of his bargain under such agreement.

4.     Whether the Bankruptcy Court erred as a matter of law in (a) declining to grant Weiss summary judgment on Count III of the Amended Complaint, which sought a declaratory judgment that YGWV dissolved under the New York limited liability company law (the "<u>NY LLC Law</u>") upon the Debtor's chapter 11 filing, and (b) concluding instead that (i) YGWV did not dissolve upon the chapter 11 filing as a matter of the NY LLC Law, and (ii) even if the NY LLC Law provided for such dissolution, it was preempted by the Bankruptcy Code.

5.     Whether the Bankruptcy Court otherwise erred as a matter of law in dismissing the Amended Complaint for failure to state a claim.

## **DESIGNATION OF RECORD ON APPEAL**

Appellant respectfully designates the following items for inclusion in the record on appeal pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure. This designation includes all exhibits attached or referred to in the pleadings or matters of record.

**Adversary Proceeding Docket Entries (Adv. Proc. No. 22-1115 (MG))**

| Docket No. | Date Filed | Description |
| --- | --- | --- |
| 10 | 8/4/2022 | Amended Complaint for Declaratory and Injunctive Relief Pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure |
| 11 | 8/4/2022 | Plaintiff Zelig Weiss's Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056, or, in the Alternative, Preliminary Injunctive Relief Pursuant to Federal Rule of Bankruptcy Procedure 7065 and 11 U.S.C. § 105 |
| 12 | 8/4/2022 | Memorandum of Law in Support of Plaintiff Zelig Weisss Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056, or, in the Alternative, Preliminary Injunctive Relief Pursuant to Federal Rule of Bankruptcy Procedure 7065 and 11 U.S.C. § 105 |
| 13 | 8/4/2022 | Declaration of Zelig Weiss in Support of Relief Requested in Motion for Partial Summary Judgment, or, in the Alternative, Preliminary Injunctive Relief |
| 20 | 8/17/2022 | Joint Statement of Undisputed Facts |
| 21 | 8/18/2022 | Defendants' (I) Motion and Memorandum of Law Seeking to Dismiss Plaintiff's Adversary Complaint and (II) Opposition to Plaintiff's Motions for Partial Summary Judgment and Preliminary Injunction |
| 22 | 8/18/2022 | Defendants' Responses to Plaintiff's Statement of Undisputed Facts in Support of His Motion for Partial Summary Judgment, or, in the Alternative Preliminary Injunctive Relief |
| 35 | 9/1/2022 | Plaintiff Zelig Weiss's (I) Reply In Support Of Plaintiff's Motion For Partial Summary Judgment And (II) Opposition To Defendants' Motion To Dismiss |
| 43 | 9/14/2022 | Transcript Regarding Hearing Held on 9/13/2022 |
| 44 | 9/16/2022 | Defendants' Supplemental Brief in Further Support of Their (I) Motion to Dismiss Plaintiff's Adversary Complaint and (II) Opposition to Plaintiff's Motions for Partial Summary Judgment and Preliminary Injunction |
| 45 | 9/16/2022 | Plaintiff Zelig Weiss's Supplemental Memorandum of Law in Support of (I) Plaintiffs Motion for Partial Summary Judgment and (II) Opposition to Defendants' Motion to Dismiss |

## CERTIFICATION REGARDING TRANSCRIPTS

Weiss, pursuant to Rule 8009(b)(1) of the Federal Rules of Bankruptcy Procedure, hereby certifies that he is not ordering any transcripts. All transcripts have been prepared, are on the docket, and are designated in the foregoing designation of the record.

## RESERVATION OF RIGHTS

Weiss expressly reserves the right to (i) withdraw, supplement, amend or modify this Statement of Issues and Designation of Record on Appeal and (ii) move to strike any items included by the Appellees in a designation of additional items. This filing is made expressly subject to, and without waiver of any and all rights, remedies, challenges, and objections.

Respectfully submitted,

Dated: October 21, 2022
New York, New York

*/s/ Nicholas A. Bassett*

Kristopher M. Hansen
Nicholas A. Bassett
Jason M. Pierce
Will Clark Farmer
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email:    krishansen@paulhastings.com
           nicholasbassett@paulhastings.com
           jasonpierce@paulhastings.com
           willfarmer@paulhastings.com

*Counsel to Zelig Weiss*